Ronald J. CHANDLER, Appellant,

v.

STATE of Indiana, Appellee.

No. 49S00–8905–CR–401.

Supreme Court of Indiana.

Nov. 26, 1991.

---

1234

George K. Shields, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Following a jury trial, appellant Ronald J. Chandler was convicted of Count I, dealing in cocaine, a Class A felony, Ind. Code 35–48–4–1(b); Count II, possession of cocaine, a Class C felony, I.C. 35–48–4–6(b)(1); Count III, possession of marijuana, a Class A misdemeanor, I.C. 35–48–4–11(1); Count IV, resisting law enforcement, a Class A misdemeanor, I.C. 35–44–3–3(a)(3); Count V, resisting, obstructing, or interfering with a law enforcement officer, a Class A misdemeanor, I.C. 35–44–3–3(a)(1); Count VI, habitual offender. Appellant received a sentence on Count I of thirty (30) years, Count II was merged with Count I, his sentence was enhanced by thirty (30) years for being a habitual offender; and one (1) year each on Counts III, IV, and V to be served concurrently, for a total of sixty (60) years.

Appellant bases this direct appeal on six claims of error, which will be addressed in the following order: 1) improper instructions; 2) insufficiency of the evidence to support convictions on Counts I and II and denial of presumption of innocence; 3) improper admission of certain items recovered after the police chase because of lack of probable cause; 4) improper refusal to give Defendant's Tendered Final Instructions Nos. 1 and 2; 5) improper admission of certified copy of appellant's commitment to the Department of Corrections; and 6) improper instruction during the habitual offender hearing. We vacate the conviction and judgment under Count I because of error in the jury instructions and remand the entire cause for retrial on Count I and resentencing on the remaining counts.

On March 11, 1988, at approximately 7:00 p.m., Indianapolis Police Officer Michael Smith was on routine patrol with his partner. While travelling westbound on 16th Street, Smith saw a brown Oldsmobile in front of him make a turn onto Medford without using a turn signal. Officer Smith turned onto Medford in order to stop the vehicle for the traffic violation. He turned on his red lights but the driver did not stop. The officers then turned on the siren. The driver of the Oldsmobile then pulled to the left curb and stopped. Upon stopping, appellant, the sole occupant of the vehicle, exited the car, as did Officer Smith. Appellant then fled.

Officer Smith pursued appellant and broadcast his location, his direction of travel, and a description of appellant. Throughout the chase, Officer Smith never lost sight of appellant. He saw appellant throw a purple bag in the front yard of a residence located at 1810 N. Kessler Boulevard, and saw him drop a clear plastic bag in the back yard of the same residence. Officer Smith then ordered appellant to halt and appellant was apprehended.

Appellant was searched and the police recovered $3310 in cash, his identification card, another person's drivers license, an address book, a business card, a beeper, and a set of car keys. The police also recovered a Crown Royal bag and the clear plastic bag. Inside the Crown Royal bag was a plastic bag containing a large amount of white powder that was subsequently subjected to laboratory analysis and determined to be cocaine weighing 54.-7904 grams and testing 92 percent pure. Inside the clear bag was a leafy substance which was tested and determined to be marijuana weighing 10.27 grams.

### I. Instructions

Appellant contends that the trial court erred in giving Final Instructions Nos. 28, 30, and 31. He asserts that these instructions were not supported by the evidence, emphasized certain items and areas of the State's evidence, and shifted the burden of proof.

██ The purpose of an instruction is to inform the jury of the law applicable to the facts without misleading the jury and to enable it to comprehend the case clearly and arrive at a just, fair, and correct verdict. *Fox v. State* (1986), Ind., 497 N.E.2d 221. As to Instruction 28, which describes how controlled substances could be dispensed legally, I.C. 35–48–3–9(a) (current version at I.C. 35–48–3–3(d)(3)) and 35–48–1–1 provide this language. Instruction 30 states that the State is not required to prove every statutory exception for lawful possession, which is also a correct statement of case law. We find that the trial court did not err in giving these instructions because they accurately state applicable law and are not misleading or confusing to the jury.

██ The trial court, over an objection noted on the face of State's Tendered Final Instruction No. 7 (R. at 131), gave the following instruction numbered 31:

Possession of a large amount of narcotics is circumstantial evidence of intent to deliver.

This instruction is a direct quotation from this Court's opinion in *Montego v. State*

(1987), Ind., 517 N.E.2d 74, taken from statements made by the Court in rejecting a claim that the evidence of an intent to deliver cocaine had been insufficient to support a conviction. Despite being an accurate quotation, it is nonetheless erroneously employed as a jury instruction. *Sansom v. State* (1977), 267 Ind. 33, 366 N.E.2d 1171 (opinion of Prentice and DeBruler, JJ.), *rev'd on other grounds, Elmore v. State* (1978), 269 Ind. 532, 382 N.E.2d 893.

Instruction 31 is misleading and erroneous in at least three respects. First, it implicitly posits that the evidence proves beyond a reasonable doubt that appellant was in fact in possession of a large amount of narcotics. This is a matter which must first be considered and determined by the jury as the trier of fact and is not a matter which may be resolved by the Court in its instructions, implicitly or explicitly. Second, it is not a suggestion as to what evidence of possession of a large amount of contraband narcotics may tend to prove, but is instead a categorical statement of what it does prove, i.e., intent to deliver. Third, the categorical form of the instruction does not invite the jury to consider the evidence of the possession by appellant of a large quantity of contraband as proof of intent to deliver, but commands the jury to do so and binds the conscience of the jury to do so. This exceeds the authority granted Indiana trial judges to comment upon the evidence. *Norton v. State* (1884), 98 Ind. 347.

The crucial issues for resolution by the jury were whether appellant was in possession of a large quantity of cocaine and whether that possession was accompanied by an intent to deliver. Because this instruction cuts at the heart of the jury determination of these crucial matters and would have contributed substantially to the weight accorded to the evidence of appellant's possession and criminal intent, we cannot regard it as harmless error. We therefore vacate appellant's conviction on Count I.

### II. Sufficiency of the Evidence

██ Appellant asserts there was no evidence to show that he possessed cocaine

with the intent to deliver. This Court has stated that "[e]ven though we have ordered reversal and remand due to the erroneous instruction, appellant's allegation that the evidence was insufficient must still be addressed." *Small v. State* (1988), Ind., 531 N.E.2d 498, 500. Our test for the sufficiency of the evidence requires that we neither weigh the evidence nor resolve questions of credibility, but look only to evidence of probative value and the reasonable inferences from which a reasonable trier of fact could conclude that appellant was guilty beyond a reasonable doubt. *Case v. State* (1984), Ind., 458 N.E.2d 223.

■ The State must prove that appellant had the intent to deliver in order to gain a conviction of possession of cocaine with intent to deliver. Because intent is a mental state, and because it is often the case that an actor does not verbally express intent, the trier of fact must usually resort to reasonable inferences based on examination of the surrounding circumstances to determine the existence of the requisite intent. *Mason v. State* (1989), Ind., 532 N.E.2d 1169; *Montego*, 517 N.E.2d at 75.

■ We find the evidence of items recovered from appellant at the time of his arrest support the verdict of the jury. The record reflects that while chasing appellant Officer Smith saw him throw a Crown Royal bag containing nearly 55 grams of cocaine testing 92 percent pure. Testimony further revealed that average personal consumption of cocaine is from 1–3 grams per day at a street value of about $100 per gram, and that 55 grams is a quantity consistent with both a business and a personal use. Appellant was also in possession of five wads of currency totalling $3310, two of which were found in appellant's underwear, two in his right front pocket, and one in his left front pocket, and a beeper. Thus, Count I can be remanded for retrial without offending the protections afforded by the double jeopardy clause, and there is sufficient evidence to support appellant's conviction on Count II.

Appellant asserts that he was denied his lawful presumption of innocence because the jury resolved all the conflicts and doubts in the evidence against him. No issue of this nature was raised before the trial court and preserved for appeal. *Reames v. State* (1986), Ind., 497 N.E.2d 559. Nevertheless, the jury in this case was instructed concerning appellant's presumption of innocence; and when the jury is properly instructed, it may be presumed on appeal that they followed such instruction. *Duncanson v. State* (1987), Ind., 509 N.E.2d 182. There is no basis for the conclusion that the jury disregarded the trial court's instruction, and thus the claim is not sustained.

### III. Admission of Items Recovered After Police Chase

■ Appellant asserts that the trial court erred by denying his motion to suppress evidence and allowing into evidence, over objection, State's Exhibits Nos. 1, 2, 3, 4, and 6. Appellant claims that these items were seized after he was stopped by police officers acting without probable cause. However, the objection at trial to the admissibility of these items was made on the basis that a proper chain of custody had not been established, and on appeal a party is restricted to claims within the scope of a proper trial objection. Other objections, such as the one here based upon the absence of probable cause, are considered not properly made and preserved. *Daniel v. State* (1988), Ind., 526 N.E.2d 1157; *Burton v. State* (1988), 526 N.E.2d 1163.

■ If this issue had been properly raised and preserved, the result on appeal would be the same. Probable cause to arrest exists when the facts and circumstances within the knowledge of the officer would justify a belief by a reasonable person that a crime has been committed by the suspect. *DiTommaso v. State* (1991), Ind., 566 N.E.2d 538; *Cornett v. State* (1989), Ind., 536 N.E.2d 501. In the instant case, Officer Smith testified that he stopped appellant's vehicle in order to issue a citation for making a right turn without using a turn signal, which is a traffic violation under Indiana law. *See* I.C. 9–4–1–78, *repealed by* P.L. 2–1991 (current version at I.C. 9–21–8–25); I.C. 9–4–1–127.1, *repealed by* P.L. 2–1991 (current version at I.C. 9–21–8–49). Appellant's violation of this statute is sufficient grounds for stopping him.

In addition, the fact that appellant fled from Officer Smith after the lawful stop was probable cause to arrest him and recover the abandoned items. Fleeing a law enforcement officer is a Class A misdemeanor, I.C. 35–44–3–3(a)(3), and an officer is permitted to make a warrantless arrest if a misdemeanor is committed in his presence. *Cornett*, 536 N.E.2d 501; *Brown v. State* (1982), Ind., 442 N.E.2d 1109. The trial court did not err in admitting State's Exhibits Nos. 1, 2, 3, 4, and 6.

### IV. Instructions on Lesser Offenses

Appellant next asserts that the trial court erred in failing to give his Tendered Final Instructions Nos. 1 and 2. Appellant states that these instructions would have placed cautionary language and a more complete statement of law before the jury because they involved lesser-included offenses of Count I, possession of cocaine with intent to deliver, and Count II, possession of cocaine.

In reviewing an issue concerning the refusal of an instruction, this Court must consider whether the tendered instruction is a correct statement of the law, whether there is evidence to support the giving of the instruction, and whether the substance of the tendered instruction is covered by other instructions given. *Johnson v. State* (1988), Ind., 518 N.E.2d 1073; *Smith v. State* (1984), Ind., 468 N.E.2d 512. A defendant is not entitled to an instruction on a lesser-included offense unless the evidence would have warranted a jury's finding that the lesser offense was committed while the greater was not. *Tawney v. State* (1982), Ind., 439 N.E.2d 582. The lesser offenses referred to in appellant's Tendered Final Instructions concern possession of cocaine with intent to deliver and possession of cocaine where the amount possessed is less than three grams; however, the amount of cocaine possessed by appellant was nearly 55 grams. The evidence did not support the giving of these instructions and we find that the trial court's refusal to give them was not error.

### V. Admission of Certified Document

Appellant asserts that the trial court erred in admitting into evidence State's Exhibit No. 14, a certified copy of appellant's commitment to the Department of Corrections, during the habitual offender hearing. Appellant contends that because the document had not been signed by the then-Clerk of the Marion County Courts its present certification as a true and complete copy by the present Clerk of the Courts is not sufficient for admission.

Ind. Trial Rule 44(A)(1) provides that documents which are properly certified by the court clerk with the seal of office are admissible to establish a defendant's prior record for habitual offender purposes. *Logston v. State* (1989), Ind., 535 N.E.2d 525. State's Exhibit 14 was properly certified by the present Clerk of the Courts and the trial court did not err in admitting this document pursuant to T.R. 44(A)(1).

### VI. Instruction During Habitual Offender Hearing

During the habitual offender phase of appellant's trial, the trial court gave the following Final Instruction No. 7:

I instruct you that the prior offenses charged in Count Six are, under the law, felonies.

Appellant argues the trial court erred in giving the above quoted instruction because it usurped the fact finding and law finding authority of the jury under article I, section 19 of the Indiana Constitution. Contrary to appellant's argument, we have previously held that it is proper for the trial court to take judicial notice of the law and so instruct the jury. *Pike v. State* (1989), Ind., 532 N.E.2d 3, 6; *Hernandez v. State* (1982), Ind., 439 N.E.2d 625. The trial court did not err in giving Final Instruction No. 7.

Appellant's conviction on Count I is reversed and the entire cause is remanded, either for retrial on Count I or the entering of judgment and appropriate sentencing on Count II, and resentencing on the remaining counts.

SHEPARD, C.J., and DICKSON, J., concur.

GIVAN, J., dissents with separate opinion.

KRAHULIK, J., dissents and joins in GIVAN, J., dissenting opinion.

GIVAN, Justice, dissenting

I respectfully dissent from the majority opinion in its holding that it was reversible error to give jury Instruction No. 31, which reads:

"Possession of a large amount of narcotics is circumstantial evidence of intent to deliver."

First, I would point out that neither the record nor the briefs contain the objection made to the giving of this instruction. This is in violation of Ind. Appellate Rule 8.3(A)(7) and thus waives the question. Notwithstanding the waiver, I nevertheless would hold that it was not reversible error to give the instruction.

It is true the instruction could have been more explanatory of the message it intended to convey to the jury, but I cannot agree with the majority that it "implicitly posits that the evidence proves beyond a reasonable doubt that appellant was in fact in possession of a large amount of narcotics." I read no such implication into the words of the instruction. The instruction does not say that appellant possessed a large amount of narcotics.

I believe a logical reading of the instruction would have to include the presupposition "if you find that appellant possessed a large amount of narcotics." Other instructions given by the court clearly convey such an implication to this instruction. Nor do I agree with the majority opinion in its statement:

"[I]t is not a suggestion as to what evidence of possession of a large amount of contraband narcotics may tend to prove, but is instead a categorical statement of what it does prove, i.e., intent to deliver."

Again, the instruction does not purport to make a finding of fact, but when read in conjunction with other instructions, it logically must be interpreted to state that the jury may consider circumstantial evidence to find intent to deliver. It does not mandate the jury to make such a finding. Nor do I agree with the majority's observation that the instruction "commands the jury to do so [find intent to deliver] and binds the conscience of the jury to do so." I find nothing mandatory in the instruction.

However, conceding for the sake of argument that the brevity of the instruction, standing alone, could be considered to render it improper, I nevertheless do not find it to rise to the stature of reversible error. Even had the instruction not been given, one must presume that a jury following the logical thought processes would, if they found that appellant in fact did possess a large amount of narcotics, deduce that he might well be a dealer. This fact found by the jury could be coupled with other evidence in the case to support the verdict.

It is difficult to believe that such a simply-stated instruction could possibly have been the kingpin of the verdict when the other evidence in this case and the other instructions given to the jury are considered.

I would therefore affirm the trial court in its entirety.

KRAHULIK, J., concurs.