**Terry T. CUSTARD, Appellant–Defendant Below,**

v.

**STATE of Indiana, Appellee–Plaintiff Below.**

No. 48A02–9305–CR–226.

Court of Appeals of Indiana, Third District.

March 9, 1994.

The facts most favorable to the verdict reveal that on September 2, 1992, two Madison County police officers observed a vehicle that was driving over the speed limit on State Road 28. The officers pulled the vehicle over and asked the driver, Terry Custard ("Custard"), for his driver's license and registration. Custard responded that the vehicle was rented and produced a rental agreement document. After the officers ascertained that neither Custard nor his passenger, George Stephens, were named as lessees on the rental agreement and that the rental period had expired, one of the officers asked Custard and Stephens for permission to search the vehicle. When neither expressed an objection, the officers conducted a search and discovered a handgun and bullets. Upon being confronted with the officers' discovery, Stephens directed the officers to an area under the hood where they ultimately found what was later determined to be cocaine.

H. Erskine Cherry, Anderson, for appellant.

Pamela Carter, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Terry Custard appeals his conviction by a jury for dealing in cocaine, a class A felony.[1] He raises three issues for our review which we restate as follows:

I. Whether the trial court erred in giving to the jury an instruction regarding the possession of large quantities of cocaine.

II. Whether the trial court erred in refusing to give Custard's tendered instructions regarding accomplice testimony.

III. Whether the trial court erred in refusing to reduce Custard's bond.

We reverse and remand.[2]

## I.

### Possession Instruction

First, Custard contends the trial court erred in giving the following instruction to the jury over Custard's objection: "Possession of a large quantity of cocaine is circumstantial evidence of intent to deal." Record, p. 91. We agree. In *Chandler v. State* (1991), Ind., 581 N.E.2d 1233, our supreme court held that it was reversible error to give to the jury a substantially similar instruction[3] for three reasons:

First, it implicitly posits that the evidence proves beyond a reasonable doubt that appellant was in fact in possession of a large amount of narcotics.... Second, it is not a suggestion as to what evidence of possession of a large amount of contraband narcotics may tend to prove, but is instead a categorical statement of what it does prove, i.e., intent to deliver. Third, the categorical form of the instruction does not invite the jury to consider the evidence of

---

1. IND.CODE 35–48–4–1(b)(1) (Supp.1992).

2. The State waived the filing of an appellate brief in this cause and conceded that the possession instruction given to the jury constituted reversible error.

3. The instruction given in *Chandler* provided as follows: "Possession of a large amount of narcotics is circumstantial evidence of intent to deliver." *Id.* at 1236.

the possession by appellant of a large quantity of contraband as proof of intent to deliver, but commands the jury to do so and binds the conscience of the jury to do so. This exceeds the authority granted Indiana trial judges to comment upon the evidence.

*Id.* at 1236. The court also opined that the erroneous instruction was not harmless error and thus, vacated Chandler's conviction for dealing in cocaine.

We find that *Chandler* is controlling in the case at bar and, thus, we reverse Custard's conviction and remand for retrial. We will address the additional issues raised by Custard because they may be presented again on retrial.

## II.

### *Tendered Instructions*

■ Custard argues the trial court erred when it refused to give the following tendered instructions regarding accomplice testimony:

#### ACCOMPLICE TESTIMONY WITH AGREEMENT BY STATE

#### Alternative III

An accomplice is one who testifies that he was involved in the commission of a crime with the Defendant.

An accomplice is competent as a witness for the State or the Defendant in the Trial of a criminal cause. The testimony of an accomplice is to be received and weighed by the Jury in the same manner and according to the same rules of evidence of any other witness.

However, the testimony of an alleged accomplice who provides evidence against a Defendant where there is some favorable treatment given by the State, must always be examined and waived [sic] by the Jury with greater care and caution then the testimony of an ordinary witness. You,

the Jury, must decide whether the witness' testimony has been affected by any of those circumstances and/or by his interests in the outcome of the case or by prejudice against the Defendant, or by the benefits that he has received as a result of any favorable treatment by the State; and, if you determine that the testimony of such a witness was affected by any one or more of those factors, you should keep in mind that such testimony is always to be received with caution and weighed with great care.

You should never convict any Defendant upon the unsupported testimony of such a witness unless you believe that testimony beyond a reasonable doubt.

Appellant's Brief, pp. 10–11.[4]

#### ACCOMPLICE TESTIMONY WITH AGREEMENT BY STATE

#### Alternative IV

An accomplice is one who testifies that he was involved in the commission of a crime with the Defendant.

An accomplice is competent as a witness for the State or the Defendant in the Trial of a criminal cause. The testimony of an accomplice is to be received and weighed by the Jury in the same manner and according to the same rules of evidence of any other witness.

You have heard the testimony of George Stephens. He is providing evidence for the State in exchange for a promise from the State that he would receive certain treatment as a result of a Plea Agreement and recommendation by the State as to the disposition of his own case. Part of his condition for such recommendation was that he told the State he would testify in exchange as a condition of that promise.

The State of Indiana may present the testimony of someone who has been promised favorable treatment in his own case in exchange for his testimony. Some people in this position are entirely truthful when

---

4. We consider this tendered instruction, which was not included in the record on appeal, only because we are addressing matters that may be raised again on retrial. Ordinarily, the failure to include a tendered jury instruction in the record of proceedings precludes appellate review of alleged error in the trial court's rejection thereof. *See Dellenbach v. State* (1987), Ind.App., 508 N.E.2d 1309, 1316.

testifying. Still you should consider the testimony of George Stephens with more caution that the testimony of other witnesses. He may have had reason to make up stories or exaggerate what others did because he wanted to strike a good bargain with the State about his own case. In deciding whether you believe George Stephens' testimony, you should keep these comments in mind.

Record, pp. 59–60.

In considering whether any error results from refusal of a tendered instruction, we consider 1) whether the tendered instruction correctly states the law, 2) whether there is evidence in the record to support giving the instruction, and 3) whether the substance of the instruction is covered by other instructions which are given. *Taylor v. State* (1992), Ind., 587 N.E.2d 1293, 1303, *reh. denied.*

In the present cause, the trial court submitted to the jury an instruction containing the first two paragraphs of Custard's tendered instructions.[5] The court also instructed the jury that,

> ... In considering the testimony of any witness, you may take into account his or her ability and opportunity to observe; the manner and conduct of the witness while testifying; any interest, bias or prejudice the witness may have; any relationship with other witnesses or interested parties; corroboration or lack of corroboration; and the reasonableness of the testimony of the witness considered in the light of all of the evidence in this case.

Record, p. 77. We conclude that the substance of Custard's tendered instructions were covered by other instructions that were given to the jury. There was no error here.

## III.

### Bond

Lastly, Custard contends the trial court abused its discretion in denying his motion to reduce his bond which was set in the amount of $275,000.00. The amount of bail is within the sound discretion of the trial court, and we will reverse only for an abuse of that discretion. *Perry v. State* (1989), Ind., 541 N.E.2d 913, 919.

Evidence presented at the bail reduction hearing revealed that Custard had lived in Indiana for only six months prior to his arrest, that he was not employed, and that he had a prior criminal history. Additionally, Custard was facing a potentially lengthy sentence, the minimum portion of which could not be suspended.[6] In light of the evidence presented at the bail reduction hearing, we find no abuse in the trial court's discretion in denying Custard's request to reduce bail.

Reversed and remanded.

GARRARD and NAJAM, JJ., concur.

---

5. The jury was given the following final instruction:
> An accomplice is one who testifies that he was involved in the commission of a crime with the Defendant.
> An accomplice is competent as a witness for the State or the Defendant in the Trial of a criminal cause. The testimony of an accomplice is to be received and weighed by the Jury in the same manner and according to the same rules of evidence of any other witness.
Record, p. 82.

6. *See* IND.CODE 35–50–2–2(b) (Supp.1992).