**Lowden Wayne DAVID III, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 45A04–9404–CR–138.

Court of Appeals of Indiana,
Fourth District.

Feb. 2, 1995.

Mark A. Bates, Appellate Public Defender, Crown Point, for appellant.

Pamela Carter, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

1. Ind.Code 35–48–4–1.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

Lowden Wayne David III appeals his conviction for the crime of dealing in heroin as a class A felony.[1] We reverse and remand for retrial.

### ISSUE

Whether the court's instruction to the jury that "[p]ossession of a large amount of a controlled substance is circumstantial evidence of the defendant's intent to deliver" constitutes fundamental error.

### FACTS

The evidence most favorable to the verdict shows that when a Gary Police Department officer arrested David on April 9, 1992, she found over 30 grams of heroin in his pocket. Upon examining David at the station, police discovered $4,000 in cash, a shoulder holster, and a plastic bag filled with a white powder substance on his person. The ensuing search of the police vehicle in which David had been transported produced a loaded .45 Colt pistol wedged into the back seat where he had ridden. In the inventory search of the vehicle David was driving when arrested, police found a bag holding Lifesaver containers, razor blades, a prescription bottle, a bottle labeled "gold grain alcohol," two pieces of a hanger with cotton on it, and a pipe with residue. According to an expert, 30+ grams of heroin can be diluted and packaged for sale with a resulting estimated street value of $16,500.

David was charged with one count of dealing in heroin. He was tried by a jury and found guilty.

### DISCUSSION AND DECISION

The offense with which David was charged is defined by statute as knowingly or intentionally possessing, with intent to deliver, more than three grams of heroin. Ind.Code 35–48–4–1. As properly explained in the court's instruction to the jury, the State was

required to prove that "the amount of the drug involved weighed three (3) grams or more" and to prove three elements: that David (1) "knowingly or intentionally" (2) "possessed heroin" (3) "with intent to deliver it." R. at 28. The court further explained that the State must prove each of the three elements beyond a reasonable doubt.

With respect to proof of intent to deliver,[2] the court instructed the jury as follows:

"Possession of a large amount of a controlled substance is circumstantial evidence of the defendant's intent to deliver. The greater the amount in possession, the stronger the inference he intends it for delivery and not for personal consumption."

R. at 31. This instruction bears a reference to *Isom v. State* (1992), Ind.App., 589 N.E.2d 245.

David claims the above intent to deliver instruction "relieved the State of its burden of proof on this essential element, severely prejudiced the defendant's right to a fair trial, and gave rise to fundamental error, thereby mandating a reversal for a new trial." Appellant's brief at 6. We agree.

As David correctly notes, the court in *Isom, supra,* made the statement about circumstantial evidence of intent in responding to a challenge to sufficiency of evidence on the intent element. Such was also the context in which our supreme court made virtually the identical statement in *Montego v. State* (1987), Ind., 517 N.E.2d 74, which *Isom, supra,* cited as authority. *Montego* and its descendant, *Isom, supra,* allow a reviewing court to consider circumstantial evidence to sustain a trier of fact's finding of intent.

However, our supreme court has expressly held that a jury instruction stating "Possession of a large amount of narcotics is circumstantial evidence of intent to deliver" is erro-

neous. *Chandler v. State* (1991), Ind., 581 N.E.2d 1233. The court described the purpose of an instruction as being "to inform the jury of the law applicable to the facts without misleading the jury and to enable it to comprehend the case clearly and arrive at a just, fair and correct verdict." *Id.* at 1236. The court then found the quoted instruction to be

"... misleading and erroneous in at least three respects. First, it implicitly posits that the evidence proves beyond a reasonable doubt that appellant was in possession of a large amount of narcotics. This is a matter which must first be considered and determined by the jury as the trier of fact and is not a matter which may be resolved by the Court in its instructions, implicitly or explicitly. Second, it is not a suggestion as to what evidence of possession of a large amount of contraband narcotics may tend to prove, but is instead a categorical statement of what it does prove, i.e., intent to deliver. Third, the categorical form of the instruction does not invite the jury to consider the evidence of the possession by appellant of a large quantity of contraband as proof of intent to deliver, but commands the jury to do so and binds the conscience of the jury to do so. This exceeds the authority granted Indiana trial judges to comment upon the evidence."

*Id.*

The State first argues that David waived appellate review of the instruction's propriety by failing to object at trial and that David cannot now raise the instruction as fundamental error. The State observes that in both *Chandler, supra,* and *Custard v. State* (1994), Ind.App., 629 N.E.2d 1289, which followed *Chandler* and reversed a conviction where the erroneous intent to deliver instruction was given, the defendant posed an objection to the challenged instruction at trial. The State's argument overlooks the court's declaration that the instruction "cannot be

---

2. The court also provided a separate instruction saying

"Factors that may be considered by you to determine the defendant's intention to deliver the drug are:
1. the purity of the drug;

2. the amount of the drug and whether or not a typical user would utilize that amount in a single day;
3. the amount of money the defendant was carrying;
4. the number of containers for packaging drugs that the defendant possessed."
R. at 30.

regard[ed] as harmless error." *Chandler, supra* at 1236. In discussing an instruction challenged as erroneous where there had been no objection at trial, our supreme court observed that while "some uncontested errors may be harmless," the requisite analysis for fundamental error considers the "element of harm" and "whether the resulting harm or potential harm is substantial." *Townsend v. State* (1994), Ind., 632 N.E.2d 727. Given the court's conclusion in *Chandler, supra,* an instruction which cannot be regarded as harmless error must be harmful, i.e. bearing sufficient potential of harm to constitute fundamental error. Hence, we hold the trial court's giving the instant instruction was fundamental error.

The State next argues that the second sentence of the challenged instruction—"The greater the amount in possession, the stronger the inference he intends it for delivery and not for personal consumption."—distinguishes this instruction from that condemned in *Chandler, supra,* and *Custard, supra.* The State suggests such language merely "invite[s] the jury to consider evidence of the Defendant's possession of a large quantity of heroin as proof of intent to deliver" without " 'command[ing] the jury to do so.' " Appellee's brief at 6. We disagree. The additional language strengthens what the court found a command in the first sentence. The State points to the use of the word "inference" as supporting its invitation argument. However, the trial court provided no instruction defining an "inference" or its use in the law.

Finally, the State argues that "error, if any, in giving the instruction was harmless" because "[t]here was substantial evidence to prove the element of 'intent to deliver.' " Appellee's brief at 6. This argument fails to fully apply *Chandler, supra,* where after finding the instruction was not harmless error, the court proceeded to consider a challenge to the sufficiency of evidence of intent.[3] The court found sufficient evidence of intent, yet ordered reversal and remand because of the erroneous instruction.

We find *Chandler, supra,* controlling; thus, we reverse David's conviction and remand for retrial.

RILEY and ROBERTSON, JJ., concur.

---

3. Chandler's appeal also alleged insufficient evidence of his intent to deliver. David does not do so. The court addressed the sufficiency issue in order to determine whether Chandler could be "remanded for retrial without offending the protections afforded by the double jeopardy clause." *Chandler, supra,* at 1237. David's appeal seeks remand and retrial as his relief.