Lowden Wayne DAVID, III, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 45S04–9505–CR–545.

Supreme Court of Indiana.

July 10, 1996.

Rehearing Denied Oct. 28, 1996.

Mark A. Bates, Appellate Public Defender, Crown Point, for Appellant.

Pamela Carter, Attorney General, Lisa M. Paunicka, Deputy Attorney General, Office of the Attorney General, Indianapolis, for Appellee.

## ON PETITION TO TRANSFER

SELBY, Justice.

Lowden Wayne David, III ("defendant") was convicted of dealing in heroin, a class A felony, IND.CODE § 35–48–4–1, and was sentenced to thirty-five years. He appeals his conviction on the basis of an erroneous jury instruction. We affirm the conviction.

## FACTS

Gary Police Officer Gabriele Wilson stopped defendant for a traffic violation, and arrested him due to an outstanding warrant. While defendant was handcuffed, Officer Wilson asked him for the keys to his car. Defendant told her to reach into his pocket to get the keys, and upon doing so, Officer Wilson found a large amount of heroin in his pocket. Defendant was also carrying $4000 in cash, some cocaine, and a shoulder holster. Officer Wilson later recovered a Colt .45 pistol from the back seat of her squad car, where defendant had been sitting. When police conducted an inventory of defendant's automobile, they found a bag containing Lifesaver containers, a prescription bottle, a bottle labeled "gold grain alcohol," two pieces of hangar with cotton on them, a pipe with residue, and three razor blades. (R. at 101–02). The heroin totaled approximately thirty grams, an amount "not consistent with personal use," and had an estimated street value of $16,500. (R. at 168, 171). Defendant was convicted of dealing in heroin, and he was sentenced to thirty-five years.

Defendant appealed, arguing that one of the jury instructions constituted error. The Court of Appeals agreed, holding that although defendant had not tendered a contemporaneous objection, the instruction constituted fundamental error. We grant transfer, and now hold that the jury instruction did not amount to fundamental error. Thus, we affirm the conviction.

1. The *Chandler* instruction read: "Possession of a large amount of narcotics is circumstantial

## DISCUSSION

■ Defendant was charged with one count of dealing in heroin. At trial, the judge gave the following jury instruction:

Possession of a large amount of a controlled substance is circumstantial evidence of the defendant's intent to deliver. The greater the amount in possession, the stronger the inference he intends it for delivery and not for personal consumption.

(R. at 31). Defendant argues that the trial court erred by giving this instruction. He claims that in *Chandler v. State,* 581 N.E.2d 1233 (Ind.1991), we held that giving a similar instruction was error.[1] He further argues that although he did not raise a contemporaneous objection, the error is fundamental and he is entitled to raise the issue on appeal.

■ "The purpose of an instruction is to inform the jury of the law applicable to the facts without misleading the jury and to enable it to comprehend the case clearly and arrive at a just, fair, and correct verdict." *Fox v. State,* 497 N.E.2d 221, 225 (Ind.1986). The language used in the challenged jury instruction came from our decision in *Montego v. State,* 517 N.E.2d 74 (Ind.1987), where we made the statement in reference to a sufficiency of the evidence argument. In a case in which there is a sufficiency of the evidence claim, it is appropriate for a reviewing court to consider all probative evidence in favor of the verdict, including circumstantial evidence. *Metzler v. State,* 540 N.E.2d 606 (Ind.1989). Although the trial court in *Chandler* accurately quoted our language in *Montego,* in *Chandler,* we found that use of this language *as a jury instruction* is misleading and erroneous:

First, it implicitly posits that the evidence proves beyond a reasonable doubt that appellant was in fact in possession of a large amount of narcotics. This is a matter which must first be considered and determined by the jury as the trier of fact and is not a matter which may be resolved by the Court in its instructions, implicitly or explicitly. Second, it is not a suggestion as

evidence of intent to deliver." 581 N.E.2d at 1236.

to what evidence of possession of a large amount of contraband narcotics may tend to prove, but is instead a categorical statement of what it does prove, i.e., intent to deliver. Third, the categorical form of the instruction does not invite the jury to consider the evidence of the possession by appellant of a large quantity of contraband as proof of intent to deliver, but commands the jury to do so and binds the conscience of the jury to do so. This exceeds the authority granted Indiana trial judges to comment upon the evidence.

*Chandler,* 581 N.E.2d at 1236. Thus, we concluded that use of this language as a jury instruction constituted error.

However, this case is distinguishable from *Chandler.* In *Chandler,* the trial judge gave the instruction over an objection. In the case at bar, the defendant did not object at trial. Thus, the State argues that the defendant has waived the issue. *See, e.g., Townsend v. State,* 632 N.E.2d 727 (Ind.1994).

▪▪▪ In response, David counters that the giving of the instruction constitutes fundamental error. Where an appellate court finds the error to be fundamental, such error need not be preserved by a contemporaneous objection. *See Hart v. State,* 578 N.E.2d 336 (Ind.1991).

> To qualify as 'fundamental error,' the error must be a substantial blatant violation of basic principles rendering the trial unfair to the defendant.... The element of harm is not shown by the fact that a defendant was ultimately convicted; rather, it depends upon whether his right to a fair trial was detrimentally affected by the denial of procedural opportunities for the ascertainment of truth to which he otherwise would have been entitled.

*Townsend,* 632 N.E.2d at 730 (citations omitted). The requisite analysis for fundamental error considers the element of harm, and whether the resulting harm is substantial. *Id.* at 727. Although we stated in *Chandler* that giving the jury instruction was not

harmless error, we disagree with the Court of Appeals in this case, *David v. State,* 646 N.E.2d 83 (Ind.Ct.App.1995), that the presence of *any* harm necessarily rises to the level of fundamental error. *See Harris v. State,* 619 N.E.2d 577, 580 (Ind.1993) (stating that harm or potential for harm must be substantial and apparent).

David contends that the error is fundamental because the instruction relieves the State of its burden to prove each and every element of the crime charged.[2] *Townsend,* 632 N.E.2d at 731 (finding fundamental error when element instruction and verdict instruction were diametrically opposed, thus relieving the State from proving one of the elements); *Smith v. State,* 459 N.E.2d 355 (Ind. 1984) (holding that failure to include essential element in jury instruction constitutes fundamental error). According to the defendant, the instruction bound the conscience of the jury to find intent to deliver through possession of a large amount of a controlled substance. Although this is true of the *Chandler* instruction when considered in isolation, the instruction in this case is easily distinguishable.

▪▪▪ When a defendant fails to make a contemporaneous objection to a jury instruction, we look at the instructions as a whole to see if the jury had been adequately instructed. *Greer v. State,* 643 N.E.2d 324, 326 (Ind.1994). Another instruction gave the jury additional tools to use in order to make the finding of intent to deliver:

> Factors that may be considered by you to determine the defendant's intention to deliver the drugs are:
>
> 1. the purity of the drug;
>
> 2. the amount of the drug and whether or not a typical user would utilize that amount in a single day;
>
> 3. the amount of money the defendant was carrying;

---

2. The jury was instructed that the State must prove beyond a reasonable doubt that:
   1. The defendant knowingly or intentionally
   2. possessed heroin, pure or adulterated, classified in Schedule I

3. with intent to deliver it.
The jury was also instructed that it is a class A felony if the drug involved weighs three grams or more. (R. at 28).

4. the number of containers for packaging drugs that the defendant possessed.

(R. at 30). Additionally, we note that the jury was instructed extensively on the burden of proof and presumption of innocence. (R. at 35–38). Thus, in the context of the instructions as a whole, we cannot find that the challenged instruction "implicitly posits that the evidence proves beyond a reasonable doubt that appellant was in fact in possession of a large amount of [a controlled substance]." *Chandler*, 581 N.E.2d at 1236.

Furthermore, within the challenged instruction itself, the trial judge gave the jury additional guidance on the intent element. The entirety of the challenged instruction reads:

> Possession of a large amount of a controlled substance is circumstantial evidence of the defendant's intent to deliver. The greater the amount in possession, the stronger the inference he intends it for delivery and not for personal consumption.

(R. at 31). The Court of Appeals found that the second sentence of this instruction—"The greater the amount in possession, the stronger the inference he intends it for delivery and not for personal consumption"—strengthens the implication contained in the first sentence. *David*, 646 N.E.2d at 85. We disagree. This second sentence removes any categorical finding of intent which may have been posited by the first sentence. Rather, it allows the jury to determine if the defendant had possession of enough heroin in order to infer intent to deliver. Thus, the instruction did not relieve the State of its burden to prove intent to deliver.

Given the totality of the instructions, they do not implicitly or explicitly inform the jury that the evidence proves beyond a reasonable doubt that the defendant was in possession of a large amount of heroin, and they do not comprise a categorical statement of intent to deliver. Although the challenged instruction does suggest to the jury that the defendant was in possession of a large amount of heroin, it does not bind the conscience of the jury and does not relieve the State of its burden of proof on any of the elements of the charged crime. Thus, we do not find funda-

mental error. Because defendant failed to make a contemporaneous objection, the issue has been waived.

## CONCLUSION

The judgment of the trial court is affirmed.

SHEPARD, C.J., and DICKSON, J., concur.

SULLIVAN, J., dissents, would deny transfer.

DeBRULER, J., dissents with opinion.

DeBRULER, Justice, dissenting.

The conclusion that this challenged jury instruction is error appears unavoidable under the holding in *Chandler v. State*, 581 N.E.2d 1233 (Ind.1991). The three misleading and erroneous aspects of the instruction condemned in *Chandler* are present in the instruction given in this case. The instruction here stated:

> Possession of a large amount of a controlled substance is circumstantial evidence of the defendant's intent to deliver. The greater the amount in possession, the stronger the inference he intends it for delivery and not for personal use.

The instruction condemned in *Chandler* stated:

> Possession of a large amount of narcotics is circumstantial evidence of intent to deliver.

The evidence against David tended to show a quantity of drugs, large in terms of the number of doses it would provide and large in terms of dollar value. Thus, as in *Chandler*, the first sentence of this instruction states directly that the amount found in defendant David's possession inferentially proves his intent to deliver, and implicitly posits that it sufficiently proves that intent beyond a reasonable doubt. *Chandler*. This is so because the jury would have understood the instruction as requiring it to make the required inference. Intent to deliver is an ultimate fact in issue and an element of the crime charged. The sentence does not suggest what a large amount may tend to prove, but what it does prove. It is a command

which binds the jury. An Indiana common law judge has no authority to tell a jury what elements of a criminal charge have been proved by the prosecution.

The second sentence exacerbates the error in the first sentence. After the first sentence informs the jury that the large amount proves the intent to deliver, the second sentence adds an explanation:

> Possession of a large amount of a controlled substance is circumstantial evidence of the defendant's intent to deliver. [This is so because] The greater the amount in possession, the stronger the inference he intends it for delivery and not for personal consumption.

The second sentence explains the basis upon which the conclusion in the first sentence that a large amount proves intent to deliver was reached. As such, it does not save this instruction. Even under the reading given the instruction by the majority, it is clear that the instruction does not leave the jury free to credit or reject the inference. The instruction thus undermines the factfinder's responsibility at trial, based upon the evidence produced by the state, to find the ultimate facts beyond a reasonable doubt, and it is thus suspect under the Due Process Clause. *County Court of Ulster County v. Allen,* 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979). It is likewise suspect under Art. 1, Section 19 of the Indiana Constitution which reserves the authority in the jury to determine the law and the facts. This instruction also impinges the right of the defendant to be heard by counsel under Art. 1, Section 13, in that it forecloses the right of defense counsel to argue that David's proves only his intent to use it or to guard it on behalf of others.

Finally, the erroneous instruction commands a result favorable to the prosecution and falls heavily on the scales of justice in this case. As was the case in *Chandler,* David was stopped for a simple traffic violation, and not for street behavior consistent with dealing drugs, as is many times the case. He made no offer to sell drugs. He did not hand over drugs to anyone. This raises the issue of whether he intended to deliver rather than use the drugs to the crucial level. The other evidence of intent, namely, the cash, the gun, and the statement, are certainly relevant, but hardly decisive.

The basic rules governing criminal trials were skewed by this erroneous instruction in such a manner as to deny a fair trial. I therefore respectfully dissent, agree with the Court of Appeals that this instruction was fundamental error obviating the necessity of a trial objection, and vote to reverse for a new trial.