**Jeffrey WHITNEY, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 49S00–9910–CR–609.

Supreme Court of Indiana.

June 28, 2001.

---

John Pinnow, Greenwood, IN, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Michael McLaughlin, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

SULLIVAN, Justice.

Defendant Jeffrey Whitney was tried and convicted of dealing in cocaine with an amount greater than three grams, a Class A felony. He argues that the jury was improperly commanded to conclude that a large amount of cocaine proved his intent to deliver. We find that precedent supports the jury instruction as given and affirm his convictions and sentence.

### Background

The facts most favorable to the verdict show that in 1994, the police conducted an ongoing investigation of Defendant Jeffrey Whitney for suspected drug dealing. Defendant resided at 1968 Holloway Street and was the sole lessor of a house located at 1518 East 34th Street. During surveillance, officers observed Defendant go to and from the 1518 East 34th residence with Defendant staying only a few minutes a time. Police officers obtained search warrants for the residence at 1968 Holloway, the leased house at 1518 East 34th Street, and Defendant's vehicle.

On October 18, 1994, police officers executed the search warrant for the house at 1518 East 34th and inside discovered a Crown Royal bag which held three plastic bags containing a total of 139 grams of crack cocaine. The officers also found Defendant's car parked inside the garage. Forensic tests identified Defendant's latent fingerprints on one of the plastic bags containing the cocaine. A warrant search of the residence of 1968 Holloway resulted in the discovery of a bundle of cash, pagers, a cell phone, expensive jewelry, and a ledger containing a list of names and corresponding pager codes.

The State charged Defendant with Dealing in Cocaine in the amount of three or more grams [1] (Count I), Possession of Cocaine [2] (Count II), and with being a Habitual Offender [3] (Count III). On April 21, 1999, a jury found Defendant guilty on Counts I and II. Defendant later pled guilty to being a habitual offender. The trial court sentenced Defendant to 60 years in prison for Count I, which had been enhanced by the habitual offender determination. On July 6, 1999, the trial court vacated the judgment as to Count II, finding that it was a lesser-included offense of Count I. Defendant now appeals his conviction for dealing in cocaine.

### Discussion

Defendant's sole argument on appeal is that the trial court "abused its discretion in instructing the jury that possession of a large amount of cocaine is circumstantial evidence of intent to deliver." Appellant's Br. at 9. He requests that his dealing in cocaine conviction be reversed, the habitu-

---

1. Ind.Code § 35–48–4–1 (1993).

2. *Id.* § 35–48–4–6.

3. *Id.* § 35–50–2–8.

al offender determination and sentence be vacated, and a new trial ordered. *See id.* at 23.

■ In reviewing a trial court's decision to give or refuse a tendered jury instruction, this Court considers whether the instruction correctly states the law, is supported by the evidence in the record, and is covered in substance by other instructions. *See Sherwood v. State,* 702 N.E.2d 694, 698 (Ind.1998), *reh'g denied; Wright v. State,* 690 N.E.2d 1098, 1109 (Ind.1997), *reh'g denied.* The trial court has discretion in instructing the jury, and we will reverse only when the instructions amount to an abuse of discretion. *See Edgecomb v. State,* 673 N.E.2d 1185, 1196 (Ind.1996), *reh'g denied.* "Jury instructions are to be considered as a whole and in reference to each other; error in a particular instruction will not result in reversal unless the entire jury charge misleads the jury as to the law in the case." *Id.*

■ Over Defendant's objection, the State tendered the following jury instruction numbered 32A:

> *The possession of a large amount of cocaine is circumstantial evidence of intent to deliver. If* you find from the facts presented that the defendant was in possession of an amount of cocaine that is greater than that needed for his own personal use, *you may infer* that the defendant possessed the cocaine

with the intent to deliver it to other persons.

(R. at 162) (emphases added).

Defendant specifically argues that the instruction improperly "posits that there [is] proof beyond a reasonable doubt on the disputed element of possession and categorically states that possession of almost 140 grams of crack cocaine proves the disputed element of intent to deliver." Appellant's Br. at 21. To lend support to his argument, Defendant relies heavily on our decision in *Chandler v. State,* 581 N.E.2d 1233 (Ind.1991).[4] In *Chandler,* this Court vacated the defendant's dealing in cocaine conviction because we found that the jury instruction on this charge was "misleading and erroneous." *Id.* at 1236. The troublesome jury instruction read in full, "Possession of a large amount of narcotics is circumstantial evidence of intent to deliver."[5] *Id.* We found that rather than merely instructing the jury to determine whether the defendant possessed narcotics, the instruction implicitly suggested that the defendant was in fact in possession. *Id.* We also found that rather than merely instructing the jury that it could consider the evidence of possession of a large quantity of contraband as proof of intent to deliver, the categorical form of the instruction commanded the jury to do so. *Id.* We therefore held that the instruction improperly invaded the jury's province.

---

4. In *Chandler,* as an officer pursued the defendant on foot, he saw the defendant throw a purple Crown Royal bag in the front yard of a residence and drop a plastic bag on the ground. 581 N.E.2d at 1235. The police officers searched the defendant and discovered cash, an address book, a business card, and a beeper. *Id.* 1236. The police officers then recovered the Crown Royal bag containing what was later identified as cocaine and also recovered the plastic bag containing

what was later determined to be marijuana. *Id.* Similar to Defendant's case, the defendant in *Chandler* was charged and convicted of dealing in cocaine and possession of cocaine. *Id.* at 1235.

5. As we recognized in *Chandler,* this single sentence jury instruction was directly derived from *Montego v. State,* 517 N.E.2d 74, 76 (Ind.1987). *Chandler,* 581 N.E.2d at 1236.

This same issue arose in *Williams v. State,* 658 N.E.2d 598 (Ind.Ct.App.1995), *reh'g denied.* There, the defendant referred the court to the *Chandler* case when challenging the tendered jury instruction identical to the one objected to in this case. *Id.* at 604. In finding that the instruction did not constitute fundamental error, the Court of Appeals reasoned, "the two sentences of the instruction taken together do not command the jury to reach a particular result but rather invite them to consider certain evidence as proof of a required element." *Id.* at 605.

In *David v. State,* 669 N.E.2d 390, 391–93 (Ind.1996), *reh'g denied,* this Court dealt with a similar jury instruction claimed to be reversible error. The instruction for dealing in cocaine read as follows:

> Possession of a large amount of a controlled substance is circumstantial evidence of the defendant's intent to deliver. The greater the amount in possession, the stronger the inference he intends it for delivery and not for personal consumption.

*Id.* at 391.

Similar to the instructions in *Chandler, Williams,* and the present case, the *David* instruction contains the defective sentence that possession of a large amount of narcotics *is* circumstantial evidence of intent to deliver, *see Chandler,* 581 N.E.2d at 1236; *Williams,* 658 N.E.2d at 604, (R. at 162), and thus standing alone the sentence improperly commands the jury to make such a finding. However, in *David,* we further found that the second sentence "removes any categorical finding of intent which may have been posited by the first sentence. Rather, it allows the jury to determine if the defendant had possession of enough heroin in order to infer intent to deliver." *David,* 669 N.E.2d at 393. We

therefore found no reversible error in the jury instruction.

Likewise, the instruction in this case (and *Williams*) provides additional guidance for determining proof of possession and the intent to deliver: "*If* you find from the facts presented that the defendant was in possession of an amount of cocaine that is greater than that needed for his own personal use, you *may infer* that the defendant possessed the cocaine with the intent to deliver it to other persons." (R. at 162) (emphases added).

We are persuaded by the analysis in *Williams* and are guided by *David* to find that the second sentence of the instruction offsets the error identified in *Chandler.* The additional phrase—you *may infer* that the defendant possessed the cocaine with the intent to deliver—calls on the jury to perform its traditional role as the trier of fact first to determine if Defendant actually possessed cocaine, and then to determine if the almost 140 grams of cocaine proves beyond a reasonable doubt the intent to deliver. Put another way, the second sentence of the instruction saved the jury from operating under the incorrect proposition that evidence showing possession of a large amount of cocaine invariably proves the intent to deliver. *See David v. State,* 669 N.E.2d 390 (Ind.1996); *Morgan v. State,* 675 N.E.2d 1067, 1071 (Ind.1996).

In short, the first sentence of the instruction was highly problematic (and for that reason should not be used). But we find that the second sentence sufficiently recognized the authority of the jury to make its own determination of whether Defendant possessed a large amount of cocaine and had the requisite intent to deliver it. We therefore conclude that Defendant is entitled to no relief.

### Conclusion

We affirm the trial court's judgment.

SHEPARD, C.J., and BOEHM and RUCKER, JJ., concur.

DICKSON, J., dissents without opinion.