**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JEFFREY D. STONEBRAKER**
Clark County Chief Public Defender

**J. CHRISTOPHER STURGEON**
Assistant Public Defender
Jeffersonville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DAVID J. MORTON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 10A05-1202-CR-63 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE CLARK CIRCUIT COURT
The Honorable Vicki L. Carmichael, Judge
Cause No. 10C04-1007-FB-609

**October 3, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

David J. Morton appeals his conviction for burglary, as a Class B felony,[1] and his sentence following a jury trial.  Morton raises two issues for our review:

1.     Whether the trial court abused its discretion when it instructed the jury on the lesser included offense of receiving stolen property; and

2.     Whether his sentence is inappropriate in light of the nature of the offenses and his character.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On July 5, 2010, Morton and his friend Ashley Bagshaw burgled the house of Sue Swartz.  At the time of the burglary, Swartz was sixty-six years old and was visiting a next-door neighbor.  She and her neighbor watched Morton exit her house with a television and place it in the trunk of a car.  Another neighbor witnessed the events and heard Morton call out to "Ashley."  Transcript at 26.  And, at one point, Swartz saw a handgun lying in the street near Morton.  Morton and Bagshaw then entered the car and left the scene.  Swartz entered her home and discovered that a rear window and an interior door had been broken.

Two days later, investigating officers received a report of a car in Jeffersonville matching the description of the one Morton and Bagshaw had used during the burglary on July 5.  Officers found the car unoccupied, and inside the car they discovered a pawn ticket from a pawn shop in Louisville.  The ticket had Bagshaw's name on it and a serial number that linked it to Swartz's television.  Morton and Bagshaw had used the cash

---

[1]  Morton does not appeal his conviction for unlawful possession of a legend drug, as a Class D felony.

2

from the pawn sale to purchase Oxycontin. Later that same day, officers stopped a car with Morton and Bagshaw inside. Upon arresting Morton, officers discovered eighty pills of Tramadol, a legend drug, on his person.

On July 9, 2010, the State charged Morton with burglary, as a Class B felony, and possession of a controlled substance, as a Class D felony. The State amended the possession charge to unlawful possession of a legend drug, as a Class D felony. The court held Morton's jury trial at the beginning of October 2011, during which Swartz, her neighbors, and several investigating officers testified.

The court instructed the jury as follows:

FINAL INSTRUCTION NO. 1

You must determine the facts of this case by considering all of the evidence according to the law contained in these instructions.
All the law in the case is not embodied in any single instruction. You must consider these instructions as a whole and construe them in harmony with each other.

* * *

FINAL INSTRUCTION NO. 18

The Defendant is charged with Burglary. Receiving Stolen Property is included in Count I, Burglary. If the State proves the Defendant guilty of Burglary, you need not consider the included crime. However, if the State fails to prove the Defendant committed the crime of Burglary, you may consider whether the Defendant committed Receiving Stolen Property, which the Court will define for you.
You must not find the Defendant guilty of more than one crime for each count.

FINAL INSTRUCTION NO. 19

The Defendant stands charged in Count I of the Information with the crime of Burglary (Class B felony). . . .

3

The crime of Burglary (Class B felony), is defined by law as follows . . . .

\* \* \*

If the State failed to prove each of these elements beyond a reasonable doubt, you must find the Defendant not guilty of the crime of Burglary (Class B felony), as charged in Count I of the Information.

If the State did prove each of these elements beyond a reasonable doubt, you should find the Defendant guilty of the crime of Burglary (Class B felony) as charged in Count I of the Information.

You may then consider any included crime. The crime of Receiving Stolen Property is included in the charged crime of Burglary. . . .

Appellant's App. at 145, 162-64 (emphases added). After deliberations, the jury found Morton guilty of burglary, as a Class B felony, and unlawful possession of a legend drug, as a Class D felony.

Following a sentencing hearing, the court ordered Morton to serve an aggregate term of twenty years, with three years suspended to probation. The court further ordered the last three years of Morton's executed term to be served with Clark County Community Corrections on work release. In entering Morton's sentence, the court stated that Morton's "lengthy" criminal history and "multiple arrests and convictions," along with the age of his victim in this case, were aggravating factors. Transcript at 204. The court did not identify any mitigating circumstances. This appeal ensued.

## DISCUSSION AND DECISION

### Issue One: Jury Instructions

On appeal, Morton first argues that the trial court abused its discretion when it instructed the jury, in Final Instruction No. 19, that it "may then consider any included

4

crime" after it reached a verdict on the charge of burglary. <u>See</u> Appellant's Br. at 5. As we have discussed:

> "The purpose of a jury instruction 'is to inform the jury of the law applicable to the facts without misleading the jury and to enable it to comprehend the case clearly and arrive at a just, fair, and correct verdict.'" <u>Dill v. State</u>, 741 N.E.2d 1230, 1232 (Ind. 2001) (quoting <u>Chandler v. State</u>, 581 N.E.2d 1233, 1236 (Ind. 1991)). Instruction of the jury is left to the sound judgment of the trial court and will not be disturbed absent an abuse of discretion. <u>Schmidt v. State</u>, 816 N.E.2d 925, 930 (Ind. Ct. App. 2004), <u>trans. denied</u>. Jury instructions are not to be considered in isolation, but as a whole and in reference to each other. <u>Id.</u> The instructions must be a complete, accurate statement of the law which will not confuse or mislead the jury. <u>Id.</u> at 930-31. Still, errors in the giving or refusing of instructions are harmless where a conviction is clearly sustained by the evidence and the jury could not properly have found otherwise. <u>Id.</u> at 933 (citing <u>Dill</u>, 741 N.E.2d at 1233).

<u>Williams v. State</u>, 891 N.E.2d 621, 630 (Ind. Ct. App. 2008). Further:

> In reviewing a challenge to a jury instruction, we consider: (1) whether the instruction is a correct statement of the law; (2) whether there was evidence in the record to support giving the instruction; and (3) whether the substance of the instruction is covered by other instructions given by the court.

<u>Simpson v. State</u>, 915 N.E.2d 511, 519 (Ind. Ct. App. 2009) (quotation omitted), <u>trans. denied</u>.

Morton asserts that "[t]he effect of the Court's Final Instruction Number 19 is to require the jury to find the Defendant guilty of Burglary before it could consider whether he was guilty of the lesser offense of Receiving Stolen Property." Appellant's Br. at 5. We cannot agree. Again, in reading jury instructions, we do not consider any part in isolation but, rather, we consider the instructions "as a whole and in reference to each other." <u>Williams</u>, 891 N.E.2d at 630. The court's first jury instruction told the jury it "must consider these instructions as a whole and construe them in harmony with each

5

other." Appellant's App. at 145. And Final Instruction No. 18 informed the jury that it could not interpret Instruction No. 19 in the manner now proposed by Morton, stating:

> If the State proves the Defendant guilty of Burglary, you need not consider the included crime. However, if the State fails to prove the Defendant committed the crime of Burglary, you may consider whether the Defendant committed Receiving Stolen Property . . . .
> You must not find the Defendant guilty of more than one crime for each count.

Id. at 162.

In sum, Morton's allegation of error on appeal is based on a piecemeal reading of the jury instructions, which is contrary to our standard of review. Reading the jury instructions as a whole and harmoniously, it is clear that the court properly instructed the jury that it could only find Morton guilty of one charge on Count I, the burglary charge, and that the jury could only consider the lesser-included charge if it acquitted Morton on the burglary charge. Accordingly, the trial court did not abuse its discretion when it instructed the jury.

**Issue Two: Sentencing**

Morton next contends that his sentence is inappropriate.[2] Although a trial court may have acted within its lawful discretion in determining a sentence, Article VII, Sections 4 and 6 of the Indiana Constitution "authorize[] independent appellate review and revision of a sentence imposed by the trial court." Roush v. State, 875 N.E.2d 801,

---

[2] Morton's argument on this issue appears to conflate our review under Indiana Appellate Rule 7(B) and our review of the trial court's sentencing order for an abuse of discretion. Nonetheless, Morton couches his argument in the language of Appellate Rule 7(B), and, "even if the trial court is found to have abused its discretion in the process it used to sentence the defendant, the error is harmless if the sentence imposed was not inappropriate." Mendoza v. State, 869 N.E.2d 546, 556 (Ind. Ct. App. 2007), trans. denied. Accordingly, we consider only whether his sentence is inappropriate. See also Ind. Appellate Rule 46(A)(8)(a).

812 (Ind. Ct. App. 2007) (alteration original).  This appellate authority is implemented through Indiana Appellate Rule 7(B).  Id.  Revision of a sentence under Appellate Rule 7(B) requires the appellant to demonstrate that his sentence is inappropriate in light of the nature of his offense and his character.  See Ind. Appellate Rule 7(B); Rutherford v. State, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007).  We assess the trial court's recognition or non-recognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate.  Gibson v. State, 856 N.E.2d 142, 147 (Ind. Ct. App. 2006).  However, "a defendant must persuade the appellate court that his or her sentence has met th[e] inappropriateness standard of review."  Roush, 875 N.E.2d at 812 (alteration original).

Moreover, "sentencing is principally a discretionary function in which the trial court's judgment should receive considerable deference."  Cardwell v. State, 895 N.E.2d 1219, 1222 (Ind. 2008).  Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented.  See id. at 1224.  The principal role of appellate review is to attempt to "leaven the outliers."  Id. at 1225.  Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case."  Id. at 1224.

Morton first asserts that "[t]he nature of the offense was not of such a heinous nature to justify a maximum sentence."  Appellant's Br. at 7.  Morton further notes that his crime "is a property crime, not a crime against a person, and that Swartz "was not

physically harmed by the commission of the offense nor was there an attempt to physically harm her." Id.

Morton's characterization of his sentence as the "maximum sentence" is incorrect. The maximum term for a Class B felony is twenty years, with the advisory term being ten years. See Ind. Code 35-50-2-5. Here, the court ordered Morton's sentence on his Class D felony conviction to run concurrent with his sentence on the Class B felony conviction. The court imposed an aggregate term of twenty years, but it then suspended three years to probation and ordered the final three years of incarceration to be served on work release.

That sentence is not inappropriate in light of the nature of Morton's offense. Morton burgled Swartz's house in the middle of the day. A witness observed a firearm near Morton during the commission of the offense, and it was by happenstance that Swartz, who was sixty-six at the time of the incident, was at a neighbor's house at the time of the crime. Further, Morton used the pawn shop proceeds to purchase Oxycontin, and Morton was found with eighty Tramadol pills on his person at the time of his arrest.

Morton also asserts that his sentence is inappropriate in light of his character because, in imposing his sentence, the trial court relied on various purported errors in the presentence investigation report. Morton is again incorrect. In imposing his sentence, the trial court relied only on the aggravating circumstances of his criminal history and the age of the victim. The court did not consider any of the alleged errors in the presentence investigation report about which Morton now complains.

Morton's criminal history includes five prior convictions—four for various degrees of assault and one for escape—and two revocations of probation. This history

8

reflects poorly on Morton's character. As such, we cannot say Morton's sentence is inappropriate in light of his character.

## Conclusion

In sum, the trial court did not abuse its discretion when it instructed the jury on the lesser-included offense of receiving stolen property. And Morton's sentence is not inappropriate in light of the nature of the offenses or his character. Hence, we affirm his conviction and sentence.

Affirmed.

KIRSCH, J., and MAY, J., concur.