Melvin J. MORGAN Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 27S02–9505–CR–595.

Supreme Court of Indiana.

Dec. 31, 1996.

Brent Westerfeld, Indianapolis, for Appellant.

Pamela Carter, Attorney General, Suzann Weber Lupton, Deputy Attorney General, Indianapolis, for Appellee.

## ON PETITION TO TRANSFER

SELBY, Justice.

Melvin J. Morgan ("defendant") was convicted of Conspiracy to Deal in Cocaine, a Class A felony, Dealing in Cocaine, a Class B felony, and Possession of Cocaine with Intent to Deliver, a Class A felony. Defendant was sentenced to thirty years for conspiracy, ten years for dealing, and thirty years for possession (with fifteen years suspended). The dealing and possession counts were to be served concurrently, but consecutively to the conspiracy count. Defendant appeals the convictions and the sentence. We affirm in part and reverse in part.

## FACTS

In the early morning of Sunday, November 15, 1992, Morgan sold one rock of crack cocaine to an undercover police officer for $30. During the course of the sale, defendant displayed a number of cocaine rocks and allowed the undercover police officer to select one. When the assisting officers rushed into the room to arrest him, Morgan dropped the $30 and the remaining eighteen individually wrapped cocaine rocks. Police arrested Morgan and seized the cocaine.

Following arrest, Morgan was advised of his rights. Later, after signing a waiver of rights form, Morgan admitted that he was working for a person known as Gemier Wilson. Morgan told police that on the preceding Friday, he and Wilson had traveled in a rental car from Detroit, Michigan to Marion, Indiana with $4000 worth of crack cocaine, for the purpose of selling cocaine. Morgan revealed that Wilson was staying at a nearby motel, and that Wilson had stopped by earlier that day to pick up the proceeds of defendant's sales. According to Morgan, Wilson was carrying about $1700 to $1800 in cash. Finally, Morgan admitted having made seventy to eighty cocaine sales since his arrival in Marion on the previous Friday.

Morgan's statement was used to secure a search warrant for Wilson's motel room. During the search, the police found a car key which was hidden in the closet. The key opened a rented Dodge Spirit, the type of car described by Morgan. A search of the car revealed $1610 in cash in the glove compartment and a paper bag containing at least ninety-four pre-packaged crack cocaine rocks.

At trial, the State's forensic chemist testified that the eighteen cocaine rocks seized at the time of Morgan's arrest weighed 3.80 grams, the single rock sold to the undercover police officer weighed 0.2 grams, and the ninety-four rocks found in the rental car weighed 20.36 grams.

At the conclusion of a jury trial, Morgan was convicted of conspiracy to deal cocaine, dealing in cocaine, and possession of cocaine with intent to deliver. The Court of Appeals affirmed the defendant's conviction for conspiracy but reversed the defendant's conviction on Count II, dealing in cocaine, holding that the conviction violated double jeopardy and on Count III, possession of cocaine with intent to deliver, based on an erroneous instruction. Additionally, the Court of Appeals held that the trial court erred by failing to determine the voluntariness of defendant's statement to police. Thus, the Court of Appeals remanded for a determination of voluntariness of the statement. *Morgan v. State,* 648 N.E.2d 1164 (Ind.Ct.App.1995).

The State sought transfer, arguing that the jury instruction did not constitute fundamental error. The State also argued that double jeopardy did not bar conviction on the dealing count. We grant transfer and affirm in part and reverse in part.

## DISCUSSION

### I. Jury Instruction

■ Morgan contends that the trial court erred when it instructed the jury that:

Possession of a quantity of a controlled substance, such as crack cocaine, in excess of what could be personally consumed or utilized, is circumstantial evidence of intent to deliver.

(R. at 89.) Morgan cites *Chandler v. State*, 581 N.E.2d 1233 (Ind.1991) for this proposition. In *Chandler*, we held that the following instruction constituted reversible error: "Possession of a large amount of narcotics is circumstantial evidence of intent to deliver." *Id.* at 1236. In that case, we found that such an instruction, although an accurate quotation from *Montego v. State*, 517 N.E.2d 74 (Ind.1987), is inappropriate as a jury instruction. This is because "the categorical form of the instruction does not invite the jury to consider the evidence of the possession by appellant of a large quantity of contraband as proof of intent to deliver, but commands the jury to do so and binds the conscience of the jury to do so." *Chandler*, 581 N.E.2d at 1236.

■ This case is distinguishable from *Chandler*. In *Chandler*, the trial judge gave the instruction over an objection. Morgan did not object at trial. Thus, the State urges, defendant has waived this issue. *See, e.g., Townsend v. State*, 632 N.E.2d 727 (Ind. 1994). Failure to object at trial constitutes waiver of the alleged error. However, defendant argues that the giving of this instruction constitutes fundamental error. Defendant cites *David v. State*, 646 N.E.2d 83 (Ind.Ct. App.1995) to demonstrate that a *Chandler* instruction constitutes fundamental error. Thus, defendant argues that he may appeal even without a contemporaneous objection.

Since defendant initiated this appeal, we granted transfer in *David*. In our recent opinion, *David v. State*, 669 N.E.2d 390 (Ind. 1996), we held that although giving an instruction which contained similar language may have been error, in light of additional information within the challenged instruction and within the instructions as a whole, it did not give rise to fundamental error. Thus, in *David*, we affirmed the conviction even though the jury was given an instruction which contained language similar to that in *Chandler*.

This case is analogous to *David*. In both cases, the defendant failed to raise a contemporaneous objection. Also in both cases, the instruction which contained the *Chandler* like instruction was modified by other language which lessened the effect that such an instruction might have had on the jury. In *David*, the instruction read:

Possession of a large amount of a controlled substance is circumstantial evidence of the defendant's intent to deliver. The greater the amount in possession, the stronger the inference he intends it for delivery and not for personal consumption.

*Id.* at 391. We held that the second sentence "removes any categorical finding of intent which may have been posited by the first sentence. Rather, it allows the jury to determine if the defendant had possession of enough heroin in order to infer intent to deliver." *Id.* at 393.

Likewise in this case, the phrase "in excess of what could be personally consumed or utilized" removes the categorical finding of intent. It, too, allows the jury to determine if the defendant had possession of enough cocaine in order to infer intent to deliver. Thus, as in *David*, we find no fundamental error with the challenged jury instruction. Moreover, the instruction did not constitute the linchpin on the question of the defendant's intent in this case. Morgan offered to sell cocaine to undercover officer Mike Andry, he displayed a bag containing a number of packaged rocks of cocaine, and he allowed Andry to select one. Indeed, the defendant admitted that he had traveled from Michigan to Marion, Indiana with a large quantity of cocaine for the purpose of selling it.

### II. Admissibility of Confession and Statements

■ Morgan argues that the inculpating statement he made to the police was not voluntarily given. Although the trial court held a hearing on this issue outside the presence of the jury, defendant argues that the trial court did not make the required determination of voluntariness, but instead errone-

ously submitted the issue to the jury. The Court of Appeals agreed, finding that the trial court failed to rule on the voluntariness of defendant's confession and statements to police and erred by submitting the issue to the jury without first making this determination. On transfer, the State did not challenge this holding. We agree with Judge Kirsch on this issue, and we incorporate by reference this section of the Court of Appeals' opinion. IND.APPELLATE RULE 11(B)(3).[1] Thus, we remand to the trial court for a determination of voluntariness.

### III. Double Jeopardy

■ Morgan raises two double jeopardy issues. First, he claims that his convictions for both the conspiracy and dealing charges violate principles of double jeopardy. Although it is possible for a defendant to be convicted of both crimes without a double jeopardy violation, *see Derado v. State*, 622 N.E.2d 181 (Ind.1993), Morgan argues that due to the way that he was charged and the jury was instructed, it was possible for the jury to have convicted him of conspiracy based on the overt act that he "did sell crack cocaine."[2] Thus, the overt act in furtherance of the conspiracy could have been the same act as required to convict him for dealing in cocaine. The Court of Appeals agreed that this was a double jeopardy violation, and vacated the dealing conviction. *Morgan v. State*, 648 N.E.2d 1164, 1172 (Ind.App. 1995). We also agree and incorporate by reference the Court of Appeals' double jeopardy analysis for the dealing and conspiracy convictions.

APP. R. 11(B)(3). Thus, the dealing conviction is vacated.

Next, Morgan contends that double jeopardy was violated by his convictions for both dealing and possession, as possession with intent to deliver is a lesser included offense of dealing. Because we have already vacated the dealing conviction, we need not address this issue.

### IV. Sentencing

Finally, Morgan argues that the sentence he received is manifestly unreasonable. The trial court ordered sentences of ten and thirty years respectively for the dealing and possession counts, to be served concurrently with each other, and to be served consecutively to a thirty year sentence for the conspiracy count. The judge also suspended fifteen years of the possession count. At the time of sentencing, the sentence imposed on each offense was the presumptive sentence for each count.[3] Although we have vacated the dealing count, the possession and conspiracy counts remain. We address the sentencing issue as it applies to these remaining convictions.

■ Sentencing decisions rest within the sound discretion of the trial court, and we will review sentencing only for abuse of discretion. *Sims v. State*, 585 N.E.2d 271 (Ind. 1992). A sentence which is authorized by statute will not be revised on appeal unless the sentence is manifestly unreasonable. A sentence is manifestly unreasonable only if no reasonable person could find the sentence appropriate to the nature of the offense and

1. We note, however, a difference over which convictions to affirm if the trial court should determine that the statement was voluntarily given. Thus, should the trial court find that the statement was voluntarily made, that determination will affect those counts which we otherwise affirm.

2. Count I of the charging information, Conspiracy to Deal Crack Cocaine More than Three (3) Grams, a Class A Felony, alleged that, between the dates of November 1, 1992 and November 15, 1992, Morgan agreed with Gemier Wilson and others to deal in crack cocaine, and that in furtherance of such agreement, Morgan committed one or more of the following overt acts:
  1. Did travel from Detroit, Michigan to Marion, Grant County, Indiana.
  2. To transport to Grant County a quantity of crack cocaine in an amount greater than three (3) grams.

  3. Did obtain rental cars to travel to Grant County and to facilitate the distribution of crack cocaine in and around Grant County, Indiana.
  4. Did acquire small plastic bags approximately ½″ × ½″ for the purpose of packaging crack cocaine rocks.
  5. Did establish locations in Grant County known as "spots" and/or "crack houses" to sell crack cocaine.
  6. Did sell crack cocaine.
Count II, Dealing in Crack Cocaine Less than Three (3) Grams, a Class B Felony, alleged that on or about November 15, 1992, Morgan did knowingly deliver crack cocaine. (R. at 10–11.)

3. I.C. § 35–50–2–4 (Class A felony); I.C. § 35–50–2–5 (Class B felony).

the character of the offender. *Fisher v. State,* 671 N.E.2d 119, 121 (Ind.1996).

Morgan claims that the trial court erroneously failed to articulate the reasons for selecting the sentence imposed in this case, as required by Indiana Code § 35–38–1–3. He points out that the record should contain the following three elements: 1) identification of all significant mitigating and aggravating circumstances found, 2) specific facts and reasons which lead the court to find the existence of each such circumstance, and 3) articulation demonstrating that the mitigating and aggravating circumstances have been evaluated and balanced in determination of the sentence. *Dumbsky v. State,* 508 N.E.2d 1274, 1278 (Ind.1987). He argues that the trial court failed to comply with these requirements.

■ When the sentencing court enhances a presumptive sentence or imposes consecutive sentences where such is not mandatory under I.C. § 35–50–1–2, the sentencing court must reveal its rationale for doing so. *Saunders v. State,* 584 N.E.2d 1087 (Ind. 1992). However, when a trial court imposes the presumptive sentence, it has no obligation to explain its reasons for doing so. *Winfrey v. State,* 547 N.E.2d 272 (Ind.1989). Thus, in order to sentence Morgan to thirty years for possession and thirty years for conspiracy, the trial judge need not have specified any aggravating or mitigating circumstances.

■ However, in order to impose consecutive sentences, the trial judge must find at least one aggravator. *See Reaves v. State,* 586 N.E.2d 847 (Ind.1992); *Davis v. State,* 642 N.E.2d 987 (Ind.Ct.App.1994). In imposing the sentences, the trial judge offered the following aggravating circumstances:

[1] such crimes were separate in time ... [2] that the defendant had sold more than seventy (70) $30.00 rocks of cocaine and [3] the imposition of any lesser sentence would depreciate the seriousness of the offenses committed by the defendant.

(R. at 125.) Defendant challenges the second aggravator because elements of the crime cannot be used to enhance a sentence, *Ector v. State,* 639 N.E.2d 1014 (Ind.1994), and Morgan claims that all of the sales were alleged as overt acts for the conspiracy charge. Although elements of a crime cannot be used to enhance a sentence, particularized circumstances of a criminal act may constitute separate aggravating circumstances. *Id.* We find that multiple crimes which were separate in time, including the more than seventy sales of crack cocaine admitted to by defendant, are such circumstances. Thus, we find that there were sufficient aggravating factors to support the consecutive sentences.[4]

■ Next, defendant argues that the trial court did not properly consider mitigating circumstances. Defendant argues that although the trial court did not articulate any mitigating circumstances, the court must have found them, as the court suspended part of defendant's sentence. He also argues that since the trial court did not articulate its findings, the trial court also did not properly weigh the mitigators against the aggravators.

■ We agree. Although a trial court is not required to make a finding of mitigating factors, nor explain why it has chosen not to do so, *Fugate v. State,* 608 N.E.2d 1370, 1374 (Ind.1993), if the court does find mitigators, it must state the reasons for selecting the sentence that it imposes. I.C. § 35–38–1–3. When a trial court decides to adjust a defendant's sentence by suspending a portion of the sentence, the record should disclose what factors were considered by the judge to be mitigating or aggravating circumstances. *See Harding v. State,* 457 N.E.2d 1098, 1104 (Ind.1984), *cert. denied,* 475 U.S. 1024, 106 S.Ct. 1218, 89 L.Ed.2d 329 (1986). In the present case, the court sentenced defendant to two presumptive sentences, then made them concurrent, and then suspended a portion of one of the sentences. At the sentencing hearing, the court spoke of circumstances which may be construed as mitigating circumstances (for

---

4. We note that it was appropriate for the trial judge to consider the aggravator "the imposition of any lesser sentence would depreciate the seriousness of the offenses" in deciding to impose the presumptive, rather than a reduced sentence. *Walton v. State,* 650 N.E.2d 1134 (Ind.1995). As it is not necessary for this opinion, we decline to decide whether it is appropriate to use this aggravator to enhance or impose consecutive sentences. *See Ector,* 639 N.E.2d at 1016.

example, his youth, his son, and his initial helpfulness to the police (R. at 636)); however, the court did not specifically identify these as mitigating circumstances nor show any specific indications of a balancing process. Also, the court orally thought out his sentencing decision. In the sentencing statement, the court listed the aggravating circumstances and enunciated the sentence, with no mention of mitigating circumstances or the balancing process. While it appears that the court did a thoughtful job of arriving at a sentencing decision, the law requires more. As noted above, the law requires first that the court identify all significant aggravating and mitigating circumstances, second that the court specifically explain why it found each circumstance, and third that the court balance the factors to arrive at a sentencing decision. These requirements serve the dual purpose of guarding against arbitrary sentences and providing an adequate basis for appellate review. *Dumbsky*, 508 N.E.2d at 1278. Because the record does not provide us with a basis from which we may review the identification and balancing of aggravators and mitigators, we must remand to the trial court for a more adequate explanation of its sentencing decision.

▮▮▮▮ In an issue unaddressed by either party, we do find that the trial court erred in the manner in which it suspended a portion of defendant's sentence. This Court will set aside a sentence suspension only upon a showing that the trial court abused its discretion. *See Reinbold v. State*, 555 N.E.2d 463, 471 (Ind.1990), *overruled on other grounds, Wright v. State*, 658 N.E.2d 563 (Ind.1995). A trial court may not suspend a defendant's sentence below what the statute allows. *Jackson v. State*, 540 N.E.2d 1232, 1236 (Ind.1989). In the present case, defendant was convicted of a Class A felony for Possession of Cocaine with Intent to Deliver, I.C. § 35–48–4–1, and the trial court suspended fifteen (15) of the thirty (30) years of defendant's sentence. Under Indiana Code § 35–50–2–2, a court wishing to suspend part of a defendant's sentence for the Class A felony of Possession of Cocaine with Intent to Deliver may "suspend only that part of the sentence that is in excess of the minimum sentence." I.C. § 35–50–2–2(b)(4). The

minimum sentence for a Class A felony is twenty (20) years. I.C. § 35–50–2–1. Thus, the trial court could only have suspended ten (10) years of defendant's thirty (30) year sentence. While the court could have suspended ten years under the Possession charge and five years under the Conspiracy charge, it could not suspend fifteen years under the Possession charge.

## V. Disposition

As stated in section II above, the trial court erred in submitting the voluntariness of Morgan's confession to the jury, as it is the trial court's role to decide the question of voluntariness. As noted in the Court of Appeals' decision, when the trial court fails to conduct a voluntariness hearing, the defendant is not necessarily entitled to a new trial. Instead, the case should be remanded to the trial court for an evidentiary hearing on the issue of voluntariness. *Craig v. State*, 267 Ind. 359, 370 N.E.2d 880, 883 (Ind.1977). If the trial court finds on remand that the statement was made voluntarily, then the failure to conduct an earlier hearing is harmless error. However, if the trial court finds that the statement was not given voluntarily, then the conviction must be reversed because a conviction based on an involuntary confession cannot stand. *Id.* Thus, we must remand this case to the trial court for a determination of whether Morgan's statements were given voluntarily.

If the trial court determines that Morgan's statements were voluntarily made, then we dispose of Morgan's convictions and his sentence as follows:

1. Morgan's convictions for conspiracy and possession are affirmed.

2. Morgan's conviction for dealing is vacated on double jeopardy grounds. Retrial may not be had on this charge.

3. Morgan's sentence is vacated. As stated in section IV, the trial court failed to adequately explain its sentencing decision. The trial court must thus, on remand, provide a more detailed sentencing order. *See Sweet v. State*, 498 N.E.2d 924, 930 (Ind. 1986). Also, the court incorrectly suspended

a portion of defendant's sentence. The trial court must thus, on remand, provide a sentencing order consistent with this opinion.

## CONCLUSION

The Court of Appeals decision is affirmed in part and vacated in part. The case is remanded to the trial court for a determination on the voluntariness of the statements, and with further disposition as set forth in this opinion.

SHEPARD, C.J., and DICKSON, SULLIVAN, and BOEHM, JJ., concur.