**Dennis L. JOHNSON, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 48S00–9712–CR–684.

Supreme Court of Indiana.

Dec. 8, 1998.

William Byer, Jr., Byer & Byer, Anderson, for Appellant.

Jeffrey A. Modisett, Attorney General, Kimberly MacDonald, Deputy Attorney General, Indianapolis, for Appellee.

SELBY, Justice.

Appellant Dennis L. Johnson pled guilty to murder, Indiana Code section 35–42–1–1(1) (1998), and carrying a handgun without a license, Indiana Code section 35–47–2–1 (1998).[1] The trial court sentenced Johnson to fifty-five years for the murder conviction and one year for the handgun conviction, with the sentences to run concurrently.

On appeal, Appellant raises a single issue: Is he entitled to be resentenced because of a putative conflict between two statutes concerning the shortest sentence for murder? We answer the question negatively, and affirm.

---

1. Both Indiana Code section 35–42–1–1(1)(1998) and Indiana Code section 35–47–2–1 (1998) have

not changed since the date the crime occurred.

## DISCUSSION

Appellant pled guilty to the September 13, 1996 murder of Norval Peters, with sentencing left to the trial court. He received the presumptive sentence of fifty-five years. Appellant argues there is a conflict between a statute which defines the "minimum sentence" as thirty years and a statute which establishes a fully-mitigated sentence as forty-five years. Thus, he contends, he should receive the benefit of the more lenient statute, and should be resentenced to a shorter term.

The two statutes are Indiana Code section 35–50–2–3(a) (1998) and Indiana Code section 35–50–2–1(c)(1) (1998). The former provides in relevant part: "A person who commits murder shall be imprisoned for a fixed term of fifty-five (55) years, with not more than ten (10) years added for aggravating circumstances or not more than ten (10) years subtracted for mitigating circumstances." Ind.Code § 35–50–2–3(a). As the statute plainly states, the fifty-five year presumptive sentence—that is, a sentence which is neither reduced for mitigating circumstances nor enhanced for aggravating circumstances—may be reduced by up to ten years for mitigating circumstances. Thus, the shortest murder sentence authorized by Indiana Code section 35–50–2–3 is forty-five years. On the other hand, Indiana Code section 35–50–2–1(c)(1) provides in relevant part: "As used in this chapter, 'minimum sentence' means ... for murder, thirty (30) years." This statutorily-defined term "minimum sentence" appears in other statutes that limit the amount of a given sentence a trial court may suspend. *See, e.g.,* Ind.Code § 35–50–2–2(b); *see also Morgan v. State,* 675 N.E.2d 1067, 1074 (Ind. 1996) (declaring that a trial court may suspend only that part of the sentence that is in excess of the "minimum sentence"). The term "minimum sentence," however, does not appear in Indiana Code § 35–50–2–3, which is the statute defining the range of murder sentences.

Thus, as can be readily discerned, Indiana Code section 35–50–2–3(a) establishes the length of murder sentences generally, while Indiana Code section 35–50–2–1 establishes, in conjunction with other statutes, what portion of a sentence may be suspended.

Because no portion of Appellant's sentence was suspended and he did not receive the shortest sentence under either statute, any question of whether these statutes conflict is simply of no legal consequence to him. The trial court heard evidence concerning the aggravating and mitigating circumstances, concluded that those circumstances balanced one another, and accordingly, sentenced Appellant to the presumptive fifty-five year term. Appellant was informed that this was a possible sentence, and he does not contend that the trial court's weighing process was defective in any way. It is undisputed that the fifty-five year sentence is within the range authorized by Indiana Code section 35–50–2–3, and that this is the presumptive sentence. In this context, there is no conflict with Indiana Code section 35–50–2–1.[2]

## CONCLUSION

Accordingly, we affirm the trial court.

SHEPARD, C.J., and DICKSON, SULLIVAN and BOEHM, JJ., concur.

**2.** We note that at one time, a fully-mitigated murder sentence and the "minimum sentence" for murder were both thirty years. *Compare* Ind.Code § 35–50–2–3 (1993) (setting presumptive sentence at forty years with not more than ten years subtracted for mitigating circumstances and not more than twenty years added for aggravating circumstances) *and* Ind.Code § 35–50–2–1 (1993) (defining minimum sentence for murder as thirty years). When the legislature lengthened murder sentences, however, it did not amend the definition of "minimum sentence." *Compare* Ind.Code § 35–50–2–3 (Supp.1996) (setting presumptive sentence at fifty-five years with not more than ten years subtracted for mitigating circumstances and not more than twenty years added for aggravating circumstances) *and* Ind. Code § 35–50–2–1 (1998) (definition of "minimum sentence" for murder remains thirty years). We need not decide whether any conflict exists now that a fully-mitigated sentence is different than the minimum sentence, because, as explained in the text, Appellant received neither a mitigated sentence nor a suspended sentence.