**Kenneth C. COLLINS, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 35A04–0006–CR–269.**

Court of Appeals of Indiana.

Dec. 14, 2000.

Donald C. Swanson, Jr., Fort Wayne, Indiana, Attorney for Appellant.

Karen Freeman–Wilson, Attorney General of Indiana, Timothy W. Beam, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

BARNES, Judge

### Case Summary

Kenneth L. Collins appeals his convictions and sentences for rape, a Class B felony, and burglary, a Class B felony, entered pursuant to a guilty plea. We dismiss Collins' appeal to the extent it challenges his rape and burglary convictions, but vacate the trial court's sentencing order and remand for resentencing.

### Issues

Collins essentially presents two issues for our review, which we restate as:

I.    whether his convictions for both rape and burglary violated the double jeopardy provisions of the state and federal constitutions; and

II.   whether the trial court improperly sentenced him to consecutive aggravated terms of imprisonment for the rape and burglary convictions.

### Facts

The factual basis for Collins' guilty plea reveals that on June 30, 1999, he went to the residence of seventeen-year-old C.G., his ex-girlfriend. Collins looked inside the house and saw C.G. asleep on a couch. He then entered the house without permission, took off C.G.'s clothes while she slept, and began having sexual intercourse with her. When C.G. woke up, she tried to get Collins off of her, but he refused. After the sexual act was complete, Collins picked up a knife he had carried into the house and threatened to kill C.G. if she pressed charges. At the time of this incident, a protective order was in effect against Collins to prohibit any contact with C.G. Collins was charged with rape, a Class A felony,[1] invasion of privacy, a Class B misdemeanor,[2] and burglary, a Class B felony.[3] He agreed to plead guilty to rape, on the condition that it was reduced to a class B felony, and to burglary; the invasion of privacy charge was dismissed. Because the plea agreement did not address Collins' sentence, the trial court conducted a sentencing hearing after it accepted the plea. It sentenced Collins to eighteen-year terms of imprisonment for both the rape and burglary convictions, representing the presumptive ten-year term for a Class B felony plus eight years for aggravating circumstances. It ordered that those terms be served consecutively for a total executed sentence of thirty-six years,

---

1.  Ind.Code § 35–42–4–1.

2.  Ind.Code § 35–46–1–15.1.

3.  Ind.Code § 35–43–2–1.

though it suspended ten years of that sentence. This direct appeal followed.

## Analysis

### I. Double Jeopardy

■ Collins claims that his state and federal double jeopardy protections were violated by his convictions and consecutive sentences for both burglary and rape because the felony that the State alleged he intended to commit when he entered C.G.'s residence, as required to support the burglary conviction, was the rape. Although Collins frames the double jeopardy issue as a challenge to the imposition of consecutive sentences for burglary and rape, it is clear that this challenge is directed toward the validity of the convictions themselves. Even if the trial court had imposed concurrent sentences for the burglary and rape convictions, we would be required to vacate one of Collins' convictions in its entirety if we found that his double jeopardy claim was valid. *See McIntire v. State,* 717 N.E.2d 96, 101 (Ind.1999) (vacating defendant's intimidation and criminal recklessness convictions on double jeopardy grounds, even though the sentences for those offenses were to be served concurrently with his longer sentences for criminal confinement and burglary, respectively).

■ Our supreme court has made it clear that "one consequence of pleading guilty is restriction of the ability to challenge the conviction on direct appeal." *Tumulty v. State,* 666 N.E.2d 394, 395 (Ind.1996). "A conviction based upon a guilty plea may not be challenged by motion to correct errors and direct appeal." *Id.* (quoting *Weyls v. State,* 266 Ind. 301, 302, 362 N.E.2d 481, 482 (1977)). Seeking post-conviction relief pursuant to Indiana Post Conviction Rule 1 is the proper vehicle for challenging the validity of a guilty plea. *Jones v. State,* 675 N.E.2d 1084, 1090 (Ind.1996). Therefore, we dismiss Collins' appeal to the extent it challenges his convictions for rape and burglary on double jeopardy grounds.

### II. Sentencing

■ Collins also claims that the trial court erroneously sentenced him because it considered improper aggravating circumstances, it failed to adequately consider mitigating circumstances, and the sentence it imposed was manifestly unreasonable. "By contrast to the prohibition on appealing the trial court's acceptance of a plea, a defendant is entitled to contest the merits of a trial court's sentencing discretion where the court has exercised sentencing discretion, as it did here." *Tumulty,* 666 N.E.2d at 396. Thus, we will consider Collins' claims as to his sentence.

The trial court's "Order on Sentencing Hearing," with respect to aggravating and mitigating circumstances, states:

> The Court finds the following aggravating circumstances: The defendant has a history of criminal or delinquent activity; the defendant is in need of correctional or rehabilitative treatment that can best be provided by commitment to a penal facility; the nature and circumstances of the crime committed; the defendant committed a forcible and violent offense and the defendant committed a sex crime; the defendant was under the restrictions of a protective order at the time. The Court considers the balance between the aggravating and the mitigating factors to be in favor of the aggravating factors.

Record p. 45.

■ First, we reject Collins' assertion that the trial court improperly included the "in need of correctional or rehabilitative treatment that can best be provided by commitment to a penal facility" aggravator. At the sentencing hearing, the trial judge expounded at some length upon Collins' frequent appearances before the same judge in juvenile delinquency proceedings and concluded that the "breaks" he had previously afforded Collins had no effect on his behavior. Record p. 87. In a simi-

lar factual scenario, our supreme court held a sentencing court's statement that "prior lenient treatment has had no deterrent effect" on the defendant identified the defendant's "previous unsuccessful attempts at rehabilitation as justification for imposing the maximum sentence as opposed to a more lenient sentence," and use of the "in need of correctional treatment" aggravator was thus proper. *Ford v. State*, 718 N.E.2d 1104, 1107 (Ind.1999). Pursuant to this authority we conclude there was a sufficient basis for the trial court to include the "in need of correctional treatment" aggravator as a basis for enhancing Collins' sentence.

■ Collins' next challenge to the sentencing order concerns the trial court's consideration that he committed a forcible and violent offense and a sex crime as aggravators. We agree that those facts could not be considered aggravating circumstances. Although the particular manner in which a crime is committed may be considered an aggravating factor, a factor constituting a material element of a crime cannot be considered an aggravating circumstance in determining sentence. *Johnson v. State*, 687 N.E.2d 345, 347 (Ind. 1997). It is plain that rape is necessarily a "sex crime" because it requires sexual intercourse with a member of the opposite sex. *See* Ind.Code § 35–42–4–1. Furthermore, our legislature has defined both rape and class B felony burglary as "crimes of violence" for purposes of being exempt from the limitations on consecutive sentencing found in Indiana Code Section 35–50–1–2. Thus, because rape is always both a sex crime and a violent offense, and class B felony burglary is likewise always a violent offense, the trial court improperly considered those factors to be aggravating circumstances.

■ The inclusion of these improper aggravators does not, by itself, require that we vacate the sentence imposed by the trial court because even a single aggravating factor may be sufficient to both enhance a presumptive sentence and justify

consecutive sentences. *Miller v. State*, 716 N.E.2d 367, 371 (Ind.1999). We have already concluded that the "in need of correctional treatment" aggravator was proper, and Collins does not challenge the existence of a criminal and delinquent past or the fact that a protective order against him for the benefit of C.G. was in effect at the time of the offenses.

■ Nevertheless, we must vacate Collins' sentence and remand to the trial court for resentencing upon clarification of its sentencing order. When enhancing a sentence, courts should (1) identify the significant aggravators and mitigators, (2) relate the specific facts and reasons that lead the court to find those aggravators and mitigators, and (3) demonstrate it has balanced the aggravators against the mitigators in reaching its sentence. *Ajabu v. State*, 722 N.E.2d 339, 343 (Ind.2000). These requirements serve the dual purpose of guarding against arbitrary sentences and providing an adequate basis for appellate review. *Morgan v. State*, 675 N.E.2d 1067, 1074 (Ind.1996). Although a trial court is not required to make a finding of mitigating factors, nor explain why it has chosen not to do so, if the court does find mitigators, it must state the reasons for selecting the sentence that it imposes. *Morgan*, 675 N.E.2d at 1073; Ind.Code § 35–38–1–3. Additionally, "[w]hen a trial court decides to adjust a defendant's sentence by suspending a portion of the sentence, the record should disclose what factors were considered by the judge to be mitigating or aggravating circumstances." *Morgan*, 675 N.E.2d at 1073.

Here, the trial court suspended a portion of Collins' sentence and also stated in its sentencing order that "the balance between the aggravating and the mitigating factors [was] in favor of the aggravating factors." Record p. 45. This would seem to indicate that the trial court did believe there to be some mitigators present. However, at no point did the trial court disclose what those mitigators were.

Thus, as was the case in *Morgan*, "the record does not provide us with a basis from which we may review the identification and balancing of aggravators and mitigators, [and] we must remand to the trial court for a more adequate explanation of its sentencing decision." *Id.* at 1074. This deficiency in the sentencing order likewise presents us from effectively determining whether the sentence was manifestly unreasonable.

Before remanding this case, we wish to address two of Collins' proposed mitigators that we believe are inappropriate as a matter of law. First, Collins claims that the trial court should have considered the purported fact that C.G. did not suffer "any serious harm" as a mitigating circumstance in this case. Appellant's Brief p. 13. That is a ludicrous premise, as it is clear that a woman who is raped necessarily suffers serious harm, whether that be emotional harm, physical harm, or both.[4]

We also vigorously disagree with Collins' claim that the trial court should have considered his "prior physical and romantic relationship with the victim" as a mitigating circumstance in this case. Appellant's Brief p. 14. Collins cites no authority for the proposition that this would be a proper mitigator. Rather, we flatly reject the idea that a defendant's prior relationship with an individual provides any level of excuse or justification to engage in nonconsensual intercourse with that individual. As one commentator has noted:

> The general assumption is that the psychological and physical reaction of a victim of nonstranger rape typically bears little resemblance to the reaction of a victim who has been subjected to a violent attack at the hands of a stranger.... Nothing could be farther from the truth. Countless victims of non-

stranger rape are still recovering from their rape experience years later. Many of these victims suffer from post-traumatic stress disorder, similar to victims of stranger rape.

> The nonstranger victim experiences not only the feeling of having survived a traumatic violation, but betrayal of trust by someone she knew or who was close to her. This betrayal of trust distinguishes her trauma from the victim of a random, stranger rape. After being raped, many victims experience self-doubt in trusting men in either intimate or social situations. This self-doubt is frequently an impediment in the recovery from the rape.

Allison West, *Tougher Prosecution When the Rapist Is Not a Stranger: Suggested Reform to the California Penal Code*, 24 Golden Gate U. L. Rev. 169, 176–77 (1994) (internal citations omitted).

■ We recognize that Indiana Evidence Rule 412 permits a victim's or witness's prior sexual relationship with the defendant to be introduced into evidence in a sex crime prosecution as an exception to the general prohibition against introduction of a victim's or witness's prior sexual history. However, such evidence is relevant only to the issue of a defendant's guilt. Once the elements of the rape statute have been established beyond a reasonable doubt and the victim's lack of consent has been proven, we believe that the existence of a prior physical relationship between the defendant and the victim cannot and should not serve as a mitigator when a court considers the appropriate sentence for a rape conviction. To hold otherwise would represent a giant step backward in the evolution of laws criminalizing rape. *See* Kathleen F. Cairney, *Ad-*

---

4. Collins did not specifically cite Indiana Code Section 35–38–1–7.1(c)(1) in support of his argument on this point, though that statutory mitigator would also be inapplicable here. This subsection permits mitigation if "[t]he crime *neither* caused *nor* threatened serious harm to persons or property, *or* the person did not contemplate that it would do so." (Emphasis added.) In addition to causing serious harm to a victim, rape also necessarily threatens serious harm, and a person found guilty of rape necessarily contemplated that it would do so.

*dressing Acquaintance Rape: The New Direction of the Rape Law Reform Movement,* 69 St. John's L.Rev. 291, 291–295 (1995) (discussing historical development of rape laws and the "Rape Law Reform Movement" that began in the 1970's, noting efforts made to eliminate the stigma and myths connected with rape victims).

### Conclusion

We dismiss Collins' appeal to the extent it challenges his convictions for rape and burglary on double jeopardy grounds; the convictions remain intact as they cannot now be challenged on direct appeal. We vacate Collins' sentence and remand for resentencing so that the trial court may provide a more detailed sentencing order with respect to any mitigators it may have found to have existed and how they were balanced with the aggravators. Upon remand, the trial court shall take into consideration our comments regarding the propriety and impropriety of certain aggravators and mitigators.

Dismissed in part, vacated in part, and remanded.

BAILEY, J., and RILEY, J., concur.