**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Oct 06 2014, 6:29 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**PAUL J. PODLEJSKI**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**LARRY D. ALLEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| STEVEN BROWNING, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 48A05-1402-CR-78 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable David A. Happe, Judge
Cause No. 48C04-1112-FA-2273

**October 6, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Steven Browning ("Browning") pleaded guilty to and was convicted of Robbery Resulting in Serious Bodily Injury, as a Class A felony.[1] Browning was sentenced to a term of imprisonment of forty-five years. He now appeals, challenging only his sentence.

We affirm.

**Issues**

Browning presents a single issue for our review, which we divide and restate as:

I.  Whether the trial court abused its discretion in finding mitigating factors; and

II. Whether Browning's sentence was inappropriate.

**Facts and Procedural History**

On December 5, 2011, Browning, together with three other individuals, all of whom were using methamphetamine and narcotics, lured H.P. to a residential area in Elwood. After luring H.P. to this location, Browning and the other individuals robbed H.P. Browning struck H.P. several times with a machete, causing severe lacerations to H.P.'s head, a skull fracture, and a displacement fracture of H.P.'s right shoulder.

At some point in the attack, one of Browning's companions attempted to stop Browning from striking H.P. further and was injured by the machete. Browning and his three companions travelled to St. Vincent Mercy Hospital; contradictory explanations were given for the reported injury.

---

[1] Ind. Code § 35-42-5-1 (West 2013). In light of recent changes to Indiana's criminal statutes, all statutory citations refer to substantive provisions in effect at the time of Browning's offense and conviction.

At around the same time, H.P. was found walking along a roadway in Elwood, and was transported to the same hospital. H.P. discovered that his cell phone was missing; when police attempted to locate the phone, they discovered it in the pocket of one of Browning's companions. Upon locating H.P.'s phone, police issued <u>Miranda</u> warnings to Browning, who admitted his role in the robbery.

On December 9, 2011, Browning was charged with Robbery Resulting in Serious Bodily Injury. On November 27, 2013, the charging information was amended to add charges of Attempted Murder, as a Class A felony.[2] On December 5, 2013, the State again amended the charging information, adding a count of Attempted Robbery, as a Class A felony.[3]

On December 13, 2013, Browning entered an open plea as to Robbery Resulting in Serious Bodily Injury; the State dismissed the other charges.

On January 27, 2014, a sentencing hearing was conducted. During the hearing, testimony was heard concerning Browning having been a victim of child abuse and his history of substance abuse. At the hearing's conclusion, the trial court sentenced Browning to forty-five years imprisonment in the Department of Correction.

This appeal ensued.

---

[2] I.C. §§ 35-41-5-1 & 35-42-1-1.

[3] I.C. §§ 35-41-5-1 & 35-42-5-1.

**Discussion and Decision**

<u>Mitigating Circumstances</u>

In his appeal, Browning contends that the trial court abused its discretion in finding and weighing mitigating circumstances at sentencing, and argues that his sentence is inappropriate.

Our supreme court held in <u>Anglemyer v. State</u>:

[T]he imposition of sentence and the review of sentences on appeal should proceed as follows:

1. The trial court must enter a statement including reasonably detailed reasons or circumstances for imposing a particular sentence.

2. The reasons given, and the omission of reasons arguably supported by the record, are reviewable on appeal for abuse of discretion.

3. The relative weight or value assignable to reasons properly found or those which should have been found is not subject to review for abuse.

4. Appellate review of the merits of a sentence may be sought on the grounds outlined in Appellate Rule 7(B).

<u>Anglemyer v. State</u>, 868 N.E.2d 482, 491 (Ind. 2007), <u>clarified on reh'g,</u> 875 N.E.2d 218 (Ind. 2007).

We review sentencing decisions for an abuse of discretion. <u>Id.</u> at 490. While a trial court may abuse its discretion by issuing a sentencing statement that "omits reasons that are clearly supported by the record and advanced for consideration," a trial court can no longer "be said to have abused its discretion in failing to 'properly weigh' such factors." <u>Id.</u> (quoting <u>Jackson v. State</u>, 728 N.E.2d 147, 155 (Ind. 2000); <u>Morgan v. State</u>, 675 N.E.2d 1067, 1073-74 (Ind. 1996)).

4

Browning argues that the trial court did not find as mitigating factors his abuse as a child and his history of substance abuse; he also argues that, if those factors were taken into account, they were not properly weighed. We remind counsel that since 2007, the second of these complaints is no longer a basis for appellate review. Id. at 491.

Moreover, we cannot agree that the trial court did not take Browning's abuse as a child and his history of substance abuse into account in reaching a sentencing decision. Yet Browning himself observes that the trial court acknowledged that "no child should have to go through that … [what] happened to you, that's a terrible thing, I agree with that." (Tr. at 70.) The trial court also acknowledged Browning's history of "long term extensive drug abuse." (Tr. at 71.) The court, however, declined to give these any weight in light of the "grisly, ugly, violent, bloody scene" Browning's offense created, and took specific note of the need to look to "the nature and circumstances of the crime." (Tr. at 72.)

We find no abuse of discretion associated with the trial court's determination of mitigating circumstances.

Inappropriateness

We turn now to Browning's contention that his forty-five year sentence was inappropriate.

The authority granted to this Court by Article 7, § 6 of the Indiana Constitution permitting appellate review and revision of criminal sentences is implemented through Appellate Rule 7(B), which provides: "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is

inappropriate in light of the nature of the offense and the character of the offender." Under this rule, and as interpreted by case law, appellate courts may revise sentences after due consideration of the trial court's decision, if the sentence is found to be inappropriate in light of the nature of the offense and the character of the offender. Cardwell v. State, 895 N.E.2d 1219, 1222-25 (Ind. 2008); Serino v. State, 798 N.E.2d 852, 856-57 (Ind. 2003). The principal role of such review is to attempt to leaven the outliers. Cardwell, 895 N.E.2d at 1225.

Browning was convicted of Robbery Resulting in Serious Bodily Injury, as a Class A felony. Upon conviction of a Class A felony, Browning faced a possible term of imprisonment running from twenty to fifty years, with an advisory term of thirty years. I.C. § 35-50-2-4. The trial court sentenced him to forty-five years imprisonment.

Browning's offense was, as the trial court observed in its sentencing statement, "grisly, ugly, violent, [and] bloody." (Tr. at 71.) Browning, together with three others—while all of them were under the influence of methamphetamine and narcotic drugs—lured H.P. to a home, where they planned to steal from him. Browning used a machete to violently attack H.P., whose injuries were assessed as life-threatening by emergency room doctors; at the time of sentencing H.P. continued to suffer from pain and other after-effects of his wounds. Indeed, Browning's attack was so violent that one of his companions had to intervene to stop Browning from continuing to wound H.P.

Moreover, Browning's criminal history and history of substance abuse speak poorly of his character. Prior to the instant offense, Browning was convicted of Theft, Possession of a

6

Controlled Substance, and Possession of Methamphetamine. He has previously violated the terms of his probation, and admitted during a presentencing investigation to gang membership. Browning dropped out of high school in the ninth grade, and during the presentencing investigation admitted that he "never bothered to get a G.E.D. because he thought he would just 'wait until prison.'" (App'x at 57.) He also admitted to an extensive history of drug abuse, including methamphetamine, marijuana, PCP, cocaine, hashish, ecstasy, and various narcotics. Despite court-offered drug treatment opportunities, Browning never completed a substance abuse treatment program.

Taken together, we cannot conclude that the forty-five year sentence is inappropriate.

## Conclusion

The trial court did not abuse its discretion in entering its sentencing statement. Browning's forty-five year sentence is not inappropriate.

Affirmed.

NAJAM, J., and BRADFORD, J., concur.